**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**OJ COMMERCE LLC,**

      **Plaintiff,**

v.                                      Case No. 0:20-cv-60214

**BEAZLEY USA SERVICES, INC.,**

      **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Beazley USA Services, Inc. ("Beazley Services" or "Defendant") files this Notice of Removal. In support of this Notice of Removal, Defendant states on knowledge, information and belief:

1. Plaintiff OJ Commerce LLC ("Plaintiff" or "OJ Commerce") brought this action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida by filing a Complaint on January 14, 2020, which was docketed as Case No. CACE20000712 (the "Complaint"), a copy of which, including Exhibits, is attached as Exhibit 1.

2. Beazley Services was served with the complaint on January 16, 2020.

3. The basis for removal is diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over all civil actions in which the matter in controversy is in excess of $75,000, exclusive of interest and costs, and in which complete diversity exists between all plaintiffs and all defendants.

4. There is complete diversity of citizenship, as the sole Plaintiff is completely diverse from the sole Defendant. Plaintiff is a limited liability company, and therefore assumes the citizenship of its members for purposes of diversity jurisdiction. The sole member of

Plaintiff is an individual residing in Florida.  *See, e.g.*, Complaint, *OJ Commerce LLC v. Home City Inc.*, 19-cv-2974 (S.D. Fla filed Dec. 4, 2019), at ECF No. 1 ¶¶ 1, 4 (complaint filed by OJ Commerce asserting that its "single member resides in Florida" and that it was completely diverse from a Delaware corporation).  Plaintiff is therefore a resident of Florida.

5.  Beazley Services is a Delaware corporation with its principal place of business in the State of Connecticut.  Accordingly, under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Delaware and Connecticut, and is not a citizen of Florida, where Plaintiff is a citizen.

6.  The matter in controversy exceeds $75,000.  In the Complaint, Plaintiff asserts that Defendant is obligated to provide insurance coverage under a policy of insurance with a limit of liability of "up to three million dollars per claim."  *See* Ex. 1, ¶ 8.  The Complaint asserts that Defendant must provide coverage under this policy for the legal defense of two lawsuits, defined as the "Guidecraft Complaint" and the "Noco Complaint," as well as "statutory attorney's fees pursuant to § 627.428, Fla. Stat., cost of this litigation, and any other relief this Court finds just and proper."  *See* Ex. 1, ¶¶ 20, 22, 28, 30.

6.  In connection with the Guidecraft Complaint, Plaintiff has submitted invoices for legal fees and expenses, and a budget for projected future legal fees and expenses, that in total exceed the sum of $75,000.  Beato Decl. ¶ 5.

8.  Plaintiff has not submitted a demand for legal fees in connection with the Noco Complaint as of this date.  However, the total amount submitted or budgeted in connection with the Guidecraft Complaint alone exceeds $75,000, and the costs incurred with the defense of both actions will exceed that sum.  Further, Plaintiff asserts an entitlement to coverage under a policy of insurance with a $3 million limit of liability.  As such, the total amount in controversy exceeds $75,000.

9. This Notice of Removal is timely. It has been filed with this Court within thirty (30) days of Beazley Services's receipt on January 16, 2020 "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), Beazley Services represents that apart from the Complaint and associated exhibits, it has received no other process, pleadings, motions or orders in this action.

10. Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a)(1), and removal is proper pursuant to 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1446, Beazley Services is filing with this Notice of Removal a copy of all process, pleadings, and orders it has received. Copies of all such papers are attached as Exhibit 1.

11. A copy of this Notice of Removal will be served upon Plaintiffs and filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to effect removal of this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1446(d).

Having established all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, Beazley Services hereby removes this case to the United States District Court for the Southern District of Florida.

Dated: January 31, 2020

Respectfully submitted,

*Of Counsel:*

/s/ Charles C. Lemley
Charles C. Lemley
WILEY REIN LLP
Florida Bar No. 0016314
1776 K Street NW
Washington, DC 20006
(202) 719-7354
clemley@wiley.law

Bryce L. Friedman
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

Gary P. Seligman
Matthew W. Beato
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
(202) 719-7518

*Counsel for Defendant Beazley USA Services, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I caused to be served by U.S. Mail the foregoing Notice of Removal on counsel of record listed on the Service List below.

s/ Charles C. Lemley
*Counsel for Defendant*

## SERVICE LIST

Shlomo Y Hecht
SHLOMO Y. HECHT, P.A.
Florida Bar No. 127144
3076 N Commerce Parkway
Miramar, FL 33025
Phone: 954-861-0025
sam@hechtlawpa.com

*Counsel for Plaintiff OJ Commerce, LLC*