# EXHIBIT 1

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

| | |
|---|---|
| OJ COMMERCE LLC,<br>   Plaintiff,<br>-vs-<br><br>BEAZLEY USA SERVICES, INC.<br>   Defendant | Case No.: _____ |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, plaintiff OJ COMMERCE LLC ("Plaintiff"), by and through undersigned counsel, and sues defendant BEAZLEY USA SERVICES, INC. ("Defendant"), for declaratory relief, and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Delaware limited liability company, with its principal place of business in Broward County, Florida, an online retailer

2. Defendant is a Delaware corporation with its principal place of business in Hartford County, Connecticut, an insurance company that issues breach response policies.

3. Defendant has a registered agent in Broward County, Florida by the name of C T CORPORATION SYSTEM.

4. This Court has subject matter jurisdiction over this case, pursuant to §26.012 (3), Fla. Stat., because it is a request for injunctive relief.

5. This Court has personal jurisdiction over Defendant pursuant to §48.193(1)(a)(4), Fla. Stat., because it contracts to insure risk located within Florida.

6. Venue is proper in Broward County, Florida pursuant to §47.051, Fla. Stat., because this is where Defendant has its registered agent.

## FACTS

7.  Defendant issued to Plaintiff a Beazley Breach Response Policy No. W20D68180201 for the Policy Period from November 11, 2018 to November 11, 2019. (the "Policy"). A copy of the Policy is hereby attached as Exhibit A.

8.  The Policy includes a provision for media liability coverage of up to three million dollars per claim ($3,000,000). (the "Media Liability Coverage").

9.  As part of the Media Liability Coverage, the Policy provides coverage for intellectual property infringement, and unfair competition, resulting from media posted online by Plaintiff.

10. As part of the Media Liability Coverage, the Policy provides coverage for the legal defense of any complaint that includes allegations covered under the Media Liability Coverage.

11. Prior to the issuance of the Policy, Defendant issued to Plaintiff a Beazley Breach Response Policy No. W20D68170101 for the Policy Period from November 11, 2017 to November 11, 2018 (the "2018 Policy"). A copy of the Policy is hereby attached as Exhibit B.

12. The 2018 Policy was identical in coverage to the 2019 Policy, and the 2019 Policy was an extension of the 2018 Policy, without any gaps in coverage.

13. Plaintiff has retained the undersigned counsel, and agreed to pay its reasonable attorney's fees.

### COUNT I - BREACH OF POLICY AGREEMENT (GUIDECRAFT)

14. Plaintiff hereby incorporates paragraphs 1 to 13 by reference.

15. On June 13, 2019, Guidecraft, Inc. filed a lawsuit against Defendant in the Southern District of New York, titled Guidecraft, Inc. v. OJCommerce LLC et al. Case # 7:19-cv-05529. (the "Guidecraft Complaint"). A copy of the Guidecraft Complaint is hereby attached as Exhibit C.

16. The Guidecraft Complaint alleges among others, trademark infringement, unfair competition, trade dress infringement stemming from Plaintiff's listing and selling certain products online.

17. The Guidecraft Complaint is a type of claim that is covered under Media Liability Coverage of the Policy.

18. On or about July 25, 2019, Plaintiff provided notice to Defendant about Guidecraft Complaint, demanding coverage for its legal defense.

19. On September 6, 2019, Defendant acknowledged coverage for the Guidecraft Complaint, and agreed to a preliminary budget of $10,000 for establishing a legal defense strategy. A copy of the acceptance is hereby attached as Exhibit D.

20. On October 23, 2019, Defendant reversed its position, and provided notice to Plaintiff that it declines coverage for the Guidecraft Complaint under the Policy. A copy of Defendant's notice to decline coverage is hereby attached as Exhibit E.

WHEREFORE, Plaintiff demands damages, injunctive relief in the form of a declaration that Defendant must provide coverage for the legal defense of the Guidecraft Complaint, statutory attorney's fees pursuant to § 627.428, Fla. Stat., cost of this litigation, and any other relief this Court finds just and proper.

## COUNT II - BREACH OF 2018 POLICY AGREEMENT (GUIDECRAFT)

21.     Plaintiff hereby incorporates paragraphs 14 to 20 by reference.

22.     In the event this Court finds that the Guidecraft Action is not covered under the Policy because the claim first occurred prior to the Policy coverage period, Plaintiff pleads in the alternative for breach of contract on the 2018 Policy.

WHEREFORE, Plaintiff demands damages, injunctive relief in the form of a declaration that Defendant must provide coverage for the legal defense of the Guidecraft Complaint, statutory attorney's fees pursuant to § 627.428, Fla. Stat., cost of this litigation, and any other relief this Court finds just and proper.

## COUNT III - BREACH OF POLICY AGREEMENT (NOCO)

23.     Plaintiff hereby incorporates paragraphs 1 to 13 by reference.

24.     On October 2, 2019, Noco Company filed a lawsuit against Defendant in the Northern District of Ohio, titled Noco Company v. OJ Commerce, LLC et al. Case # 1:19-cv-02298-JG. (the "Noco Complaint"). A copy of the Noco Complaint is hereby attached as Exhibit F.

25.     The Noco Complaint alleges among others, trademark infringement, unfair competition, trademark dilution stemming from Plaintiff's listing and selling certain products online.

26.     The Noco Complaint is a type of claim that is covered under Media Liability Coverage of the Policy.

27.     On or about December 2, 2019, Plaintiff provided notice to Defendant about the Noco Complaint, demanding coverage for its legal defense.

28.     On December 31, 2019, Defendant provided notice to Plaintiff that it declines coverage for the Noco Complaint under the Policy.  A copy of Defendant's notice to decline coverage is hereby attached as Exhibit G.

WHEREFORE, Plaintiff demands damages, injunctive relief in the form of a declaration that Defendant must provide coverage for the legal defense of the Noco Complaint, statutory attorney's fees pursuant to  § 627.428, Fla. Stat., cost of this litigation, and any other relief this Court finds just and proper.

### COUNT IV - BREACH OF 2018 POLICY AGREEMENT  (NOCO)

29.     Plaintiff hereby incorporates paragraphs 23 to 28 by reference.

30.     In the event this Court finds that the Noco Action is not covered under the Policy because the claim first occurred prior to the Policy coverage period, Plaintiff pleads in the alternative for breach of contract on the 2018 Policy.

WHEREFORE, Plaintiff demands damages, injunctive relief in the form of a declaration that Defendant must provide coverage for the legal defense of the Noco Complaint, statutory attorney's fees pursuant to  § 627.428, Fla. Stat., cost of this litigation, and any other relief this Court finds just and proper.

### JURY TRIAL DEMANDED FOR ALL ISSUES SO TRIABLE

Dated January 14, 2020

Respectfully Submitted,
Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
Phone: 954-861-0025
By: /s/ Shlomo Y Hecht
Florida State Bar No.: 127144
Email: sam@hechtlawpa.com
Attorney for Plaintiff OJ Commerce, LLC