UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

OJ COMMERCE LLC,

    Plaintiff,

v.               Case No. 0:20-cv-60214-WPD

BEAZLEY USA SERVICES, INC.,

    Defendant.

## DEFENDANT BEAZLEY USA SERVICES, INC.'S ANSWER TO PLAINTIFF OJ COMMERCE LLC'S COMPLAINT

Defendant Beazley USA Services, Inc. ("Beazley Services" or "Defendant") provides the following answer to the Complaint filed by OJ Commerce LLC ("OJ Commerce" or "Plaintiff"). The responses in Defendant's Answer are numbered to correspond with the paragraphs in the Complaint. The headings in this answer reference the headings in the Complaint for convenience and do not constitute averments by Beazley Services. Beazley Services's reference to the Complaint's headings is not an admission or acknowledgment of their accuracy or relevance. Beazley Services denies all allegations in the Complaint except those specifically admitted below.

## INTRODUCTION

1. Beazley Services admits the allegations in Paragraph 1.

2. Beazley Services admits that it is a Delaware corporation with its principal place of business in Hartford County, Connecticut. Beazley Services otherwise denies the allegations in Paragraph 2.

3. Beazley Services admits the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services denies that the Circuit Court presently has subject-matter jurisdiction over this case, but admits that this Court has subject-matter jurisdiction.

5.      The allegations in Paragraph 5 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services declines to dispute personal jurisdiction.

6.      The allegations in Paragraph 6 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services admits that venue is proper in this Court.

**FACTS**

7.      Beazley Services admits that Policy No. W20D68180201 ("2018-2019 Policy"), attached as Exhibit A, was issued to Plaintiff for the Policy Period from November 11, 2018 to November 11, 2019.  Beazley Services otherwise denies the allegations in Paragraph 7.

8.      Beazley Services admits that the 2018-2019 Policy provides specified coverage for Media Liability subject to a limit of liability of $3 million.  The 2018-2019 Policy speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

9.      Beazley Services admits that the 2018-2019 Policy provides specified coverage for Media Liability, but denies that Plaintiff has characterized that coverage fully or fairly.  The 2018-2019 Policy speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

10.     Beazley Services admits that the 2018-2019 Policy provides specified coverage for Media Liability, but denies that Plaintiff has characterized that coverage fully or fairly.  The

2018-2019 Policy speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

11. Beazley Services admits that Policy No. W20D68170101 ("2017-2018 Policy"), attached as Exhibit B, was issued to Plaintiff for the Policy Period from November 11, 2017 to November 11, 2018. Beazley Services otherwise denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 consist of a legal conclusion to which no response is required. To the extent a response is required, Beazley Services denies the allegations in Paragraph 12.

13. Beazley Services lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 and therefore denies the same.

## COUNT I – BREACH OF POLICY AGREEMENT (GUIDECRAFT)

14. Beazley Services incorporates the foregoing paragraphs 1 to 13 by reference.

15. Beazley Services admits the allegations in Paragraph 15.

16. Beazley Services admits that Paragraph 16 attempts to characterize the Guidecraft Complaint, which speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

17. The allegations in Paragraph 17 consist of a legal conclusion to which no response is required. To the extent a response is required, Beazley Services denies the allegations in Paragraph 17.

18. Beazley Services denies the allegations in Paragraph 18.

19. Beazley Services admits that Paragraph 19 attempts to characterize a letter dated on September 6, 2019, which speaks for itself. Beazley Services denies that the letter has been characterized fully or fairly, and denies all allegations that are inconsistent with that document. Beazley Services otherwise denies the allegations in Paragraph 19.

20. Beazley Services admits that Paragraph 20 attempts to characterize a letter dated on October 23, 2019 attached as Exhibit E, which speaks for itself. Beazley Services denies that the letter has been characterized fully or fairly, and denies all allegations that are inconsistent with that document. Beazley Services otherwise denies the allegations in Paragraph 20.

The allegations in the WHEREFORE clause following Paragraph 20 consist of Plaintiff's request for relief, and therefore no response is necessary. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II – BREACH OF 2018 POLICY AGREEMENT (GUIDECRAFT)

21. Beazley Services incorporates the foregoing paragraphs 14 to 20 by reference.

22. The allegations in Paragraph 22 consist of a request for relief to which no response is required. To the extent a response is required, Beazley Services denies the allegations in Paragraph 22.

The allegations in the WHEREFORE clause following Paragraph 22 consist of Plaintiff's request for relief, and therefore no response is necessary. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III – BREACH OF POLICY AGREEMENT (NOCO)

23. Beazley Services incorporates the foregoing paragraphs 1 to 13 by reference.

24. Beazley Services admits the allegations in Paragraph 24.

25. Beazley Services admits that Paragraph 25 attempts to characterize the Noco Complaint, which speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

26. The allegations in Paragraph 26 consist of a legal conclusion to which no response is required. To the extent a response is required, Beazley Services denies the allegations in Paragraph 26.

27. Beazley Services admits that a notice was provided concerning the Noco Complaint on or about December 2, 2019. Beazley Services denies all other allegations in Paragraph 27.

28. Beazley Services admits that Paragraph 28 attempts to characterize a letter dated on December 31, 2019 attached as Exhibit G, which speaks for itself. Beazley Services denies that the letter has been characterized fully or fairly, and denies all allegations that are inconsistent with that document. Beazley Services otherwise denies the allegations in Paragraph 28.

The allegations in the WHEREFORE clause following Paragraph 28 consist of Plaintiff's request for relief, and therefore no response is necessary. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT IV – BREACH OF 2018 POLICY AGREEMENT (NOCO)

29. Beazley Services incorporates the foregoing paragraphs 23 to 28 by reference.

30. The allegations in Paragraph 30 consist of a request for relief to which no response is required. To the extent a response is required, Beazley Services denies the allegations in Paragraph 30.

The allegations in the WHEREFORE clause following Paragraph 30 consist of Plaintiff's request for relief, and therefore no response is necessary. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, and to each cause of action asserted against Beazley Services therein, Beazley Services, without conceding that it bears the burden of

proof as to any of the defenses listed, and without admitting any of the allegations in the Complaint, asserts the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the express provisions of the insurance policies upon which they are allegedly predicated.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under Counts I and III are barred because no insuring agreement is triggered in the 2018-2019 Policy.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Counts II and IV are barred because no insuring agreement is triggered in the 2017-2018 Policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Counts I and III are barred because Defendant did not issue and is not a party to the 2018-2019 Policy, and therefore has no liability or obligations under the 2018-2019 Policy.  Defendant reserves the right to seek substitution of appropriate parties and/or their agents.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Counts II and IV are barred because Defendant did not issue and is not a party to the 2017-2018 Policy, and therefore has no liability or obligations under the 2017-2018 Policy.  Defendant reserves the right to seek substitution of appropriate parties and/or their agents.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for coverage for the Guidecraft Complaint is barred because the Guidecraft Complaint is not a Claim first made during the period of the 2018-2019 Policy, as required by the Media Liability insuring agreement of the 2018-2019 Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for coverage for the Noco Complaint is barred because the Noco Complaint is not a Claim first made during the period of the 2018-2019 Policy, as required by the Media Liability insuring agreement of the 2018-2019 Policy.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for coverage in the alternative for the Guidecraft Complaint is barred because timely notice of the Claim was not provided under the 2017-2018 Policy as required by Section X of the 2017-2018 Policy and Section I.D of the 2017-2018 Policy.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for coverage in the alternative for the Noco Complaint is barred because timely notice of the Claim was not provided under the 2017-2018 Policy as required by Section X of the 2017-2018 Policy and Section I.D of the 2017-2018 Policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for coverage under Count I is barred because the Prior Known Acts exclusion applies.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for coverage under Count III is barred because the Prior Known Acts exclusion applies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage for the Guidecraft Complaint is barred to the extent it failed to provide notice of the Claim as soon as practicable in accordance with the terms and conditions of the 2018-2019 Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage for the Noco Complaint is barred to the extent it failed to provide notice of the Claim as soon as practicable in accordance with the terms and conditions of the 2018-2019 Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are barred to the extent that the amounts sought do not constitute covered Damages or Claims Expenses as defined by the 2018-2019 Policy and/or 2017-2018 Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts I and/or III are barred to the extent that the Media-Related Exposures exclusion in the 2018-2019 Policy is applicable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion D of the 2017-2018 Policy is applicable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion R of the 2017-2018 Policy is applicable.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts I and/or III are barred to the extent that the Trade Practices & Antitrust exclusion in the 2018-2019 Policy is applicable.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion E of the 2017-2018 Policy is applicable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion F of the 2017-2018 Policy is applicable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts I and/or III are barred to the extent that the Patent, Software Copyright, and Misappropriation of Information exclusion of the 2017-2018 Policy is applicable.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion M of the 2017-2018 Policy is applicable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts I and/or III are barred to the extent that the Criminal, Intentional or Fraudulent Acts exclusion is applicable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion L of the 2017-2018 Policy is applicable.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are barred to the extent that it failed to comply with any conditions precedent to coverage.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are barred to the extent that it failed to comply with the Assistance and Cooperation provision of the 2018-2019 Policy and/or Section XI of the 2017-2018 Policy.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are barred to the extent that the Other Insurance provision of the 2018-2019 Policy and/or the 2017-2018 Policy is applicable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are barred to the extent that subrogation rights were impaired under the 2018-2019 Policy and/or the 2017-2018 Policy.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are barred to the extent that it failed to comply with the Defense of Claims provision of the 2018-2019 Policy and/or Section II of the 2017-2018 Policy.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are barred to the extent that it failed to comply with the Action Against the Underwriters provision of the 2018-2019 Policy and/or Section XIV of the 2017-2018 Policy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that it has not satisfied the applicable retention(s).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that it failed to mitigate damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrines of laches, waiver, estoppel, or unclean hands.

\* \* \*

Beazley Services reserves the right to interpose any and all defenses which may be applicable to this action as they become available or apparent, or as they may be established during discovery and by the evidence in this case. Beazley Services reserves the right to amend the foregoing Answer and Affirmative Defenses.

## JURY DEMAND

Beazley Services demands a trial by jury of twelve for all issues so triable.

Respectfully submitted on February 25, 2020:

/s/ Charles C. Lemley
Charles C. Lemley
Florida Bar No. 00163
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000
clemley@wiley.law

*Counsel for Defendant Beazley USA Services, Inc.*