## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

OJ COMMERCE LLC,

          Plaintiff-Counterclaim
          Defendant,

v.                        Case No. 0:20-cv-60214-WPD

BEAZLEY USA SERVICES, INC.,

          Defendant-Counterclaimant.

 

### DEFENDANT BEAZLEY USA SERVICES, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF OJ COMMERCE LLC'S COMPLAINT, AND COUNTERCLAIM AGAINST OJ COMMERCE LLC

      Defendant Beazley USA Services, Inc. ("Beazley Services" or "Defendant") provides the following amended answer (the "Answer") to the Complaint filed by OJ Commerce LLC ("OJ Commerce" or "Plaintiff"). The responses in Defendant's Answer are numbered to correspond with the paragraphs in the Complaint. The headings in this Answer reference the headings in the Complaint for convenience and do not constitute averments by Beazley Services. Beazley Services's reference to the Complaint's headings is not an admission or acknowledgment of their accuracy or relevance. Beazley Services denies all allegations in the Complaint except those specifically admitted below.

### INTRODUCTION

      1.      Beazley Services admits the allegations in Paragraph 1.

      2.      Beazley Services admits that it is a Delaware corporation with its principal place of business in Hartford County, Connecticut. Beazley Services otherwise denies the allegations in Paragraph 2.

      3.      Beazley Services admits the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services denies that the Circuit Court presently has subject-matter jurisdiction over this case, but admits that this Court has subject-matter jurisdiction.

5.      The allegations in Paragraph 5 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services declines to dispute personal jurisdiction.

6.      The allegations in Paragraph 6 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services admits that venue is proper in this Court.

## FACTS

7.      Beazley Services admits that Policy No. W20D68180201 ("2018-2019 Policy"), attached as Exhibit A, was issued to Plaintiff for the Policy Period from November 11, 2018 to November 11, 2019.  Beazley Services otherwise denies the allegations in Paragraph 7.

8.      Beazley Services admits that the 2018-2019 Policy provides specified coverage for Media Liability subject to a limit of liability of $3 million.  The 2018-2019 Policy speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

9.      Beazley Services admits that the 2018-2019 Policy provides specified coverage for Media Liability, but denies that Plaintiff has characterized that coverage fully or fairly.  The 2018-2019 Policy speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

10.     Beazley Services admits that the 2018-2019 Policy provides specified coverage for Media Liability, but denies that Plaintiff has characterized that coverage fully or fairly.  The

2018-2019 Policy speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

11.     Beazley Services admits that Policy No. W20D68170101 ("2017-2018 Policy"), attached as Exhibit B, was issued to Plaintiff for the Policy Period from November 11, 2017 to November 11, 2018.  Beazley Services otherwise denies the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services denies the allegations in Paragraph 12.

13.     Beazley Services lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 and therefore denies the same.

## COUNT I – BREACH OF POLICY AGREEMENT (GUIDECRAFT)[1]

14.     Beazley Services incorporates the foregoing paragraphs 1 to 13 by reference.

15.     Beazley Services admits the allegations in Paragraph 15.

16.     Beazley Services admits that Paragraph 16 attempts to characterize the Guidecraft Complaint, which speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

17.     The allegations in Paragraph 17 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services denies the allegations in Paragraph 17.

18.     Beazley Services denies the allegations in Paragraph 18.

---

[1] The Court's order dated February 25, 2020 (ECF No. 11) dismissed Counts I and II from this litigation.  Beazley has nonetheless preserved its responses to the allegations contained within Counts I and II and the associated affirmative defenses.

19.     Beazley Services admits that Paragraph 19 attempts to characterize a letter dated on September 6, 2019, which speaks for itself.  Beazley Services denies that the letter has been characterized fully or fairly, and denies all allegations that are inconsistent with that document. Beazley Services otherwise denies the allegations in Paragraph 19.

20.     Beazley Services admits that Paragraph 20 attempts to characterize a letter dated on October 23, 2019 attached as Exhibit E, which speaks for itself.  Beazley Services denies that the letter has been characterized fully or fairly, and denies all allegations that are inconsistent with that document.  Beazley Services otherwise denies the allegations in Paragraph 20.

The allegations in the WHEREFORE clause following Paragraph 20 consist of Plaintiff's request for relief, and therefore no response is necessary.  To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

### COUNT II – BREACH OF 2018 POLICY AGREEMENT (GUIDECRAFT)

21.     Beazley Services incorporates the foregoing paragraphs 14 to 20 by reference.

22.     The allegations in Paragraph 22 consist of a request for relief to which no response is required.  To the extent a response is required, Beazley Services denies the allegations in Paragraph 22.

The allegations in the WHEREFORE clause following Paragraph 22 consist of Plaintiff's request for relief, and therefore no response is necessary.  To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

### COUNT III – BREACH OF POLICY AGREEMENT (NOCO)

23.     Beazley Services incorporates the foregoing paragraphs 1 to 13 by reference.

24.     Beazley Services admits the allegations in Paragraph 24.

25.     Beazley Services admits that Paragraph 25 attempts to characterize the Noco Complaint, which speaks for itself, and Beazley Services denies all allegations that are inconsistent with that document.

26.     The allegations in Paragraph 26 consist of a legal conclusion to which no response is required.  To the extent a response is required, Beazley Services denies the allegations in Paragraph 26.

27.     Beazley Services admits that a notice was provided concerning the Noco Complaint on or about December 2, 2019.  Beazley Services denies all other allegations in Paragraph 27.

28.     Beazley Services admits that Paragraph 28 attempts to characterize a letter dated on December 31, 2019 attached as Exhibit G, which speaks for itself.  Beazley Services denies that the letter has been characterized fully or fairly, and denies all allegations that are inconsistent with that document.  Beazley Services otherwise denies the allegations in Paragraph 28.

The allegations in the WHEREFORE clause following Paragraph 28 consist of Plaintiff's request for relief, and therefore no response is necessary.  To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**COUNT IV – BREACH OF 2018 POLICY AGREEMENT (NOCO)**

29.     Beazley Services incorporates the foregoing paragraphs 23 to 28 by reference.

30.     The allegations in Paragraph 30 consist of a request for relief to which no response is required.  To the extent a response is required, Beazley Services denies the allegations in Paragraph 30.

The allegations in the WHEREFORE clause following Paragraph 30 consist of Plaintiff's request for relief, and therefore no response is necessary. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, and to each cause of action asserted against Beazley Services therein, Beazley Services, without conceding that it bears the burden of proof as to any of the defenses listed, and without admitting any of the allegations in the Complaint, asserts the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the express provisions of the insurance policies upon which they are allegedly predicated.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under Counts I and III are barred because no insuring agreement is triggered in the 2018-2019 Policy.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Counts II and IV are barred because no insuring agreement is triggered in the 2017-2018 Policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Counts I and III are barred because Defendant did not issue the 2018-2019 Policy, and Defendant reserves the right to seek substitution of appropriate parties and/or their agents.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Counts II and IV are barred because Defendant did not issue the 2017-2018 Policy, and Defendant reserves the right to seek substitution of appropriate parties and/or their agents.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for coverage for the Guidecraft Complaint is barred because the Guidecraft Complaint is not a Claim first made during the period of the 2018-2019 Policy, as required by the Media Liability insuring agreement of the 2018-2019 Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage for the Noco Complaint is barred because the Noco Complaint is not a Claim first made during the period of the 2018-2019 Policy, as required by the Media Liability insuring agreement of the 2018-2019 Policy.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage in the alternative for the Guidecraft Complaint is barred because timely notice of the Claim was not provided under the 2017-2018 Policy as required by Section X of the 2017-2018 Policy and Section I.D of the 2017-2018 Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage in the alternative for the Noco Complaint is barred because timely notice of the Claim was not provided under the 2017-2018 Policy as required by Section X of the 2017-2018 Policy and Section I.D of the 2017-2018 Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage under Count I is barred because the Prior Known Acts exclusion applies.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage under Count III is barred because the Prior Known Acts exclusion applies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage for the Guidecraft Complaint is barred to the extent it failed to provide notice of the Claim as soon as practicable in accordance with the terms and conditions of the 2018-2019 Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coverage for the Noco Complaint is barred to the extent it failed to provide notice of the Claim as soon as practicable in accordance with the terms and conditions of the 2018-2019 Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are barred to the extent that the amounts sought do not constitute covered Damages or Claims Expenses as defined by the 2018-2019 Policy and/or 2017-2018 Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts I and/or III are barred to the extent that the Media-Related Exposures exclusion in the 2018-2019 Policy is applicable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion D of the 2017-2018 Policy is applicable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion R of the 2017-2018 Policy is applicable.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts I and/or III are barred to the extent that the Trade Practices & Antitrust exclusion in the 2018-2019 Policy is applicable.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion E of the 2017-2018 Policy is applicable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion F of the 2017-2018 Policy is applicable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts I and/or III are barred to the extent that the Patent, Software Copyright, and Misappropriation of Information exclusion of the 2017-2018 Policy is applicable.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion M of the 2017-2018 Policy is applicable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts I and/or III are barred to the extent that the Criminal, Intentional or Fraudulent Acts exclusion is applicable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage under Counts II and/or IV are barred to the extent that Exclusion L of the 2017-2018 Policy is applicable.

**<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims for coverage are barred to the extent that it failed to comply with any conditions precedent to coverage.

**<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims for coverage are barred to the extent that it failed to comply with the Assistance and Cooperation provision of the 2018-2019 Policy and/or Section XI of the 2017-2018 Policy.

**<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims for coverage are barred to the extent that the Other Insurance provision of the 2018-2019 Policy and/or the 2017-2018 Policy is applicable.

**<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims for coverage are barred to the extent that subrogation rights were impaired under the 2018-2019 Policy and/or the 2017-2018 Policy.

**<u>THIRTIETH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims for coverage are barred to the extent that it failed to comply with the Defense of Claims provision of the 2018-2019 Policy and/or Section II of the 2017-2018 Policy.

**<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims for coverage are barred to the extent that it failed to comply with the Action Against the Underwriters provision of the 2018-2019 Policy and/or Section XIV of the 2017-2018 Policy.

**<u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred to the extent that it has not satisfied the applicable retention(s).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that it failed to mitigate damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrines of laches, waiver, estoppel, or unclean hands.

\* \* \*

Beazley Services reserves the right to interpose any and all defenses which may be applicable to this action as they become available or apparent, or as they may be established during discovery and by the evidence in this case. Beazley Services reserves the right to amend the foregoing Answer and Affirmative Defenses.

## JURY DEMAND

Beazley Services demands a trial by jury of twelve for all issues so triable.

## COUNTERCLAIM

Beazley USA Services, Inc. ("Beazley Services") for its Counterclaim against OJ Commerce LLC ("OJ Commerce"), upon knowledge, information, and belief, alleges as follows:

## NATURE OF THE ACTION

1.      Beazley Services brings this Counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment that it has no obligations under either Beazley Breach Response Policy No. W20D68180201 issued to OJ Commerce for the Policy Period of November 11, 2018 to November 11, 2019 (the "2018-19 Policy") or Beazley Breach Response Policy No. W20D68170101 issued for the Policy Period from November 11, 2017 to November 11, 2018 (the "2017-18 Policy," and together with the 2018-19 Policy, the "Policies") in connection with two claims for coverage—the *Guidecraft* Claim and the *Noco* Claim (as defined below).

2.      On January 14, 2020, OJ Commerce brought suit against Beazley Services alleging that Beazley Services had breached certain obligations under the 2018-19 Policy, or in the alternative, under the 2017-18 Policy, allegedly owed to OJ Commerce with respect to the *Guidecraft* Claim and the *Noco* Claim.

3.      However, Beazley Services is not a party to the 2018-19 Policy or the 2017-18 Policy.  Accordingly, it has no obligation whatsoever to provide coverage for the *Guidecraft* Claim or the *Noco* Claim.

4.      In any event, the *Guidecraft* Claim and the *Noco* Claim are not covered under the 2018-19 Policy or the 2017-18 Policy.  Both the 2018-19 Policy and the 2017-18 Policy afford specified coverage for Claims first made during the applicable Policy Period and noticed during the applicable notice period.  The *Guidecraft* Claim and the *Noco* Claim were both first made before the 2018-19 Policy incepted.  And, OJ Commerce did not provide notice during the notice period of the 2017-18 Policy.  For at least these reasons, no coverage is available for either the *Guidecraft* Claim or the *Noco* Claim under either of the Policies.

5.      Beazley Services brings this counterclaim to seek a declaration concerning its rights and obligations with respect to the *Guidecraft* Claim and the *Noco* Claim.

## **PARTIES**

6.      Counterclaimant Beazley Services is a Delaware corporation with its principal place of business in the State of Connecticut.

7.      Counterclaim-Defendant OJ Commerce is a limited liability company with its principal place of business in Broward County, Florida.  OJ Commerce's sole member is a citizen of the state of Florida.

## JURISDICTION AND VENUE

8.      Jurisdiction for this action is based on 28 U.S.C. § 1332.  This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists between Beazley Services and OJ Commerce because OJ Commerce has asserted that Beazley Services has certain obligations to provide coverage for the *Guidecraft* Claim and the *Noco* Claim.

9.      Complete diversity of citizenship exists between Beazley Services on the one hand and OJ Commerce on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that OJ Commerce resides in this District.  Venue is also proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the matters at issue in this action occurred in this District.

## FACTUAL ALLEGATIONS

### The 2018-19 Policy

11.     The 2018-19 Policy was issued to OJ Commerce for the period of November 11, 2018 to November 11, 2019.  It affords specified coverage under various insuring agreements, including a Media Liability insuring agreement subject to a limit of liability of $3 million each Claim and in the aggregate and a $25,000 each-Claim retention.  A true and correct copy of the 2018-19 Policy is attached as Exhibit A.

12.     The Media Liability insuring agreement of the 2018-19 Policy affords specified coverage for "Damages and Claims Expenses, which the Insured is legally obligated to pay

because of any Claim first made against any Insured during the Policy Period for Media Liability."[2]

13.     OJ Commerce has sought coverage only under the Media Liability insuring agreement of the 2018-19 Policy and no other insuring agreement.

14.     "Claim" is defined to mean, among other things, "a written demand received by any Insured for money or services, or any non-monetary or injunctive relief, including the service of a suit or institution of arbitration proceedings."  The definition of Claim also provides that "Multiple Claims arising from the same or a series of related, repeated or continuing acts, errors, omissions or events will be considered a single Claim for the purposes of this Policy. All such Claims will be deemed to have been made at the time of the first such Claim."

## The 2017-18 Policy

15.     The 2017-18 Policy was issued to OJ Commerce for the period of November 11, 2017 to November 11, 2018.  It affords specified coverage under various insuring agreements, including a Website Media Content Liability insuring agreement subject to a limit of liability of $3 million each Claim and in the aggregate and a $25,000 each-Claim retention.  A true and correct copy of the 2017-18 Policy is attached as Exhibit B.

16.     The Website Media Content Liability insuring agreement of the 2017-18 Policy affords specified coverage for Damages and Claims Expenses which an Insured becomes legally obligated to pay for certain Claims, but only when those Claims are "reported in writing to [Beazley] during the Policy Period or as otherwise provided in Clause X. of this Policy."

17.     OJ Commerce has sought coverage only under the Website Media Content Liability insuring agreement of the 2017-18 Policy and no other insuring agreement.

---

[2] Capitalized terms appearing in policy language are defined in the applicable policy referenced in this Counterclaim.

18.     Clause X of the 2017-18 Policy provides in relevant part as follows:

> If any Claim is made against the Insured, the Insured shall forward
> as soon as practicable to [Beazley] through persons named in Item
> 9.(a) of the Declarations written notice of such Claim in the form
> of a telecopy, email or express or certified mail together with every
> demand, notice, summons or other process received by the Insured
> or the Insured's representative. In no event shall [Beazley] be
> given notice of a Claim later than the end of the Policy Period, the
> end of the Optional Extension Period (if applicable), or sixty (60)
> days after the expiration date of the Policy Period.

19.     Item 9(a) of the Declarations provides that notice of Claims is to be directed to

"Beazley Group, Attn: TMB Claims Group, 1270 Avenue of the Americas, 12th Floor, New

York, NY 10020, Email: bbr.claims@beazley.com."

20.     OJ Commerce did not purchase the Optional Extension Period provided for in

Clause IX of the 2017-18 Policy.

### The *Guidecraft* Claim

21.     On September 19, 2018, Guidecraft, Inc. ("Guidecraft") filed a civil lawsuit

against OJ Commerce, among others, in the U.S. District Court for the Western District of

Pennsylvania styled *Guidecraft, Inc. v. OJCommerce, LLC*, *et al*., 2:18-cv-1247 (the "Original

*Guidecraft* Action").

22.     OJ Commerce received the complaint in the Original Guidecraft Action no later

than October 11, 2018, when it waived service of the complaint.

23.     In the Original *Guidecraft* Action, Guidecraft alleged that OJ Commerce

infringed the "Kitchen Helper" mark purportedly held by the plaintiff, and that it sold inferior

"knock-off" versions of the Guidecraft "Kitchen Helper," Step-Up, and High-Rise Step-Up

children's stools.

24.     The Original *Guidecraft* Action was dismissed on June 5, 2019.  The

corresponding order of the Court overseeing the Original *Guidecraft* Action concluded that the

Court lacked personal jurisdiction over OJ Commerce.  The order noted that Guidecraft had "ample time to refile the case in the Southern District of New York" if it chose to do so.

25.     About one week later, Guidecraft did refile the case in the Southern District of New York in an action styled *Guidecraft, Inc. v. OJ Commerce LLC*, 7:19-cv-00529 (S.D.N.Y.) (the "Refiled *Guidecraft* Action").

26.     Guidecraft's allegations in the Refiled Guidecraft Action were substantially similar to its allegations in the Original *Guidecraft* Action.  In both cases, Guidecraft alleged that that OJ Commerce infringed the "Kitchen Helper" mark purportedly held by the plaintiff, and that it sold inferior "knock-off" versions of the Guidecraft "Kitchen Helper," Step-Up, and High-Rise Step-Up children's stools.  Guidecraft pled comparable causes of action in both cases.

27.     On or about September 19, 2019, with the consent of Guidecraft, the Refiled *Guidecraft* Action was transferred to this District and given the case number 19-cv-62344-AHS.

28.     On or about January 31, 2020, the Refiled *Guidecraft* Action was dismissed without prejudice at the request of Guidecraft.

29.     The Original *Guidecraft* Action and the Refiled *Guidecraft* Action are both civil lawsuits that arise from the same or a series of related, repeated or continuing acts, errors, omissions or events, and therefore constitute a single Claim under the 2018-19 Policy.  As provided for in the 2018-19 Policy, that Claim was first made no later than October 11, 2018, the date that OJ Commerce waived service of the complaint in the Original *Guidecraft* Action. Accordingly, the Claim was first made before the 2018-19 Policy's inception date on September 11, 2018.

30.     Because the *Guidecraft* Claim was first made before the 2018-19 Policy incepted, no coverage is available for either the Original *Guidecraft* Action or the Refiled *Guidecraft* Action under the 2018-19 Policy.

31.     OJ Commerce waited until July 16, 2019 to provide notice of the Refiled *Guidecraft* Action, and it did not provide any notice of the Original *Guidecraft* Action until months later.

32.     Because OJ Commerce (or any other Insured) did not provide any notice of the *Guidecraft* Claim within sixty days of September 11, 2018, the date the 2017-18 Policy expired, no coverage is available for the *Guidecraft* Claim under the 2017-18 Policy.

### The *Noco* Claim

33.     On October 2, 2019, The Noco Company ("Noco") filed a civil lawsuit against OJ Commerce, among others, in the U.S. District Court for the Southern District of New York styled *Noco Co. v. OJCommerce LLC*, *et al.*, 7:19-cv-05529 (the "*Noco* Action").

34.     The *Noco* Action alleges that OJ Commerce infringed on Noco's intellectual property rights by selling certain of Noco's products without Noco's consent.

35.     The complaint in the *Noco* Action attaches a letter that Noco sent via email and certified mail to OJ Commerce dated May 29, 2018 (the "Noco Demand Letter").

36.     The Noco Demand Letter demands that OJ Commerce either (a) confirm that it will abide by certain of Noco's requirements when selling products, or (b) sign an attached settlement agreement.  The settlement agreement would have required OJCommerce to confirm that it "listed NOCO PRODUCTS for sale and infringed upon the NOCO IP," and that to the extent OJCommerce further sold Noco products, OJCommerce would reimburse Noco for Noco's costs to enforce the settlement agreement.  The Demand Letter asserts that failure to elect either option "may result in additional legal action."

37.     The Noco Demand Letter is a written demand received by any Insured for money or services, or any non-monetary or injunctive relief, and is therefore a Claim, as is the *Noco* Action.  The Noco Demand Letter and *Noco* Action arise from the same or a series of related, repeated or continuing acts, errors, omissions or events and are therefore a single Claim deemed made at the time of the Noco Demand Letter, the first such Claim.

38.     The Noco Demand Letter was received prior to November 11, 2018 and therefore constitutes a Claim made prior to the period of the 2018-19 Policy.

39.     Because the *Noco* Claim was first made before the 2018-19 Policy incepted, no coverage is available for the *Noco* Action or the Noco Demand Letter under the 2018-19 Policy.

40.     OJ Commerce waited until December 2, 2019 to provide notice of the *Noco* Action, and it did not provide any notice of the Noco Demand Letter.

41.      Because OJ Commerce (or any other Insured) did not provide any notice of the *Noco* Claim within sixty days of September 11, 2018, the date the 2017-18 Policy expired, no coverage is available for the *Noco* Claim under the 2017-18 Policy.

## <u>COUNT I</u>
**Declaratory Judgment – *Guidecraft* Claim under 2018-19 Policy**

42.     Beazley Services repeats and incorporates by reference the allegations in the preceding paragraphs.

43.     Under the only insuring agreement that OJ Commerce has cited as a basis to trigger coverage, the 2018-19 Policy affords specified coverage for Damages and Claims Expenses which an Insured becomes legally obligated to pay for Claims first made during the Policy Period.

44.     Beazley Services did not issue the 2018-19 Policy and is not a party to the contract.  Beazley Services is therefore entitled to a judgment that it has no obligation to provide coverage for the *Guidecraft* Claim, whether for Damages, Claims Expenses, or otherwise.

45.     Moreover, the *Guidecraft* Claim was first made prior to the inception of the 2018-19 Policy.  Because the *Guidecraft* Claim is not first made during the Policy Period of the 2018-19 Policy, no coverage is available for the *Guidecraft* Claim.  For this additional reason, Beazley Services is therefore entitled to a judgment that it has no obligation to provide coverage for the *Guidecraft* Claim under the 2018-19 Policy, whether for Damages, Claims Expenses, or otherwise.

46.     Additional terms and conditions may serve to bar or limit coverage for the *Guidecraft* Claim, and Beazley Services reserves the right to assert additional reasons precluding coverage for the *Guidecraft* Claim under 2018-19 Policy.

47.     Accordingly, Beazley Services is entitled to a declaration that it has no obligation to afford, and OJ Commerce is not entitled to, coverage for the *Guidecraft* Claim under the 2018-19 Policy, whether for Damages, Claims Expenses, or otherwise.

## COUNT II
### Declaratory Judgment – *Guidecraft* Claim under 2017-18 Policy

48.     Beazley Services repeats and incorporates by reference the allegations in the preceding paragraphs.

49.     Under the only insuring agreement that OJ Commerce has cited as a basis to trigger coverage, the 2017-18 Policy affords specified coverage for Damages and Claims Expenses which an Insured becomes legally obligated to pay for Claims first made during the Policy Period and reported in writing to Beazley during the Policy Period or as otherwise provided in Clause X. of the 2017-18 Policy.

50.     Beazley Services did not issue the 2017-18 Policy and is not a party to the contract.  Beazley Services is therefore entitled to a judgment that it has no obligation to provide coverage for the *Guidecraft* Claim, whether for Damages, Claims Expenses, or otherwise.

51.     Moreover, OJ Commerce (or any other Insured) did not provide notice of the *Guidecraft* Claim within sixty days after expiration of the Policy Period of the 2017-18 Policy. For this additional reason, Beazley Services is therefore entitled to a judgment that it has no obligation to provide coverage for the *Guidecraft* Claim under the 2017-18 Policy, whether for Damages, Claims Expenses, or otherwise.

52.     Additional terms and conditions may serve to bar or limit coverage for the *Guidecraft* Claim, and Beazley Services reserves the right to assert additional reasons precluding coverage for the *Guidecraft* Claim under the 2017-18 Policy.

53.     Accordingly, Beazley Services is entitled to a declaration that it has no obligation to afford, and OJ Commerce is not entitled to, coverage for the *Guidecraft* Claim under the 2017-18 Policy, whether for Damages, Claims Expenses, or otherwise.

## COUNT III
### Declaratory Judgment – *Noco* Claim under 2018-19 Policy

54.     Beazley Services repeats and incorporates by reference the allegations in the preceding paragraphs.

55.     Under the only insuring agreement that OJ Commerce has cited as a basis to trigger coverage, the 2018-19 Policy affords specified coverage for Damages and Claims Expenses which an Insured becomes legally obligated to pay for Claims first made during the Policy Period.

56.     Beazley Services did not issue the 2018-19 Policy and is not a party to the contract.  Beazley Services is therefore entitled to a judgment that it has no obligation to provide coverage for the *Noco* Claim, whether for Damages, Claims Expenses, or otherwise.

57.     Moreover, the *Noco* Claim was first made prior to the inception of the 2018-19 Policy.  Because the *Noco* Claim is not first made during the Policy Period of the 2018-19 Policy, no coverage is available for the *Noco* Claim.  For this additional reason, Beazley Services is therefore entitled to a judgment that it has no obligation to provide coverage for the *Noco* Claim under the 2018-19 Policy, whether for Damages, Claims Expenses, or otherwise.

58.     Additional terms and conditions may serve to bar or limit coverage for the *Noco* Claim, and Beazley Services reserves the right to assert additional reasons precluding coverage for the *Noco* Claim under the 2018-19 Policy.

59.     Accordingly, Beazley Services is entitled to a declaration that it has no obligation to afford, and OJ Commerce is not entitled to, coverage for the *Noco* Claim under the 2018-19 Policy, whether for Damages, Claims Expenses, or otherwise.

## COUNT IV
### Declaratory Judgment – *Noco* Claim under 2017-18 Policy

60.     Beazley Services repeats and incorporates by reference the allegations in the preceding paragraphs.

61.     Under the only insuring agreement that OJ Commerce has cited as a basis to trigger coverage, the 2017-18 Policy affords specified coverage for Damages and Claims Expenses which an Insured becomes legally obligated to pay for Claims first made during the Policy Period and reported in writing to Beazley during the Policy Period or as otherwise provided in Clause X. of the 2017-18 Policy.

62.     Beazley Services did not issue the 2017-18 Policy and is not a party to the contract.  Beazley Services is therefore entitled to a judgment that it has no obligation to provide coverage for the *Noco* Claim, whether for Damages, Claims Expenses, or otherwise.

63.     Moreover, OJ Commerce (or any other Insured) did not provide notice of the *Noco* Claim within sixty days after expiration of the Policy Period of the 2017-18 Policy.  For this additional reason, Beazley Services is therefore entitled to a judgment that it has no obligation to provide coverage for the *Noco* Claim under the 2017-18 Policy, whether for Damages, Claims Expenses, or otherwise.

64.     Additional terms and conditions may serve to bar or limit coverage for the *Noco* Claim, and Beazley Services reserves the right to assert additional reasons precluding coverage for the *Noco* Claim under the 2017-18 Policy..

65.     Accordingly, Beazley Services is entitled to a declaration that it has no obligation to afford, and OJ Commerce is not entitled to, coverage for the *Noco* Claim under the 2017-18 Policy, whether for Damages, Claims Expenses, or otherwise.

**WHEREFORE**, Counterclaimant Beazley Services requests that the Court enter judgment in its favor as follows:

A.     Declaring that it has no obligation to afford coverage for the *Guidecraft* Claim under the 2018-19 Policy, whether for Damages, Claims Expenses, or otherwise;

B.     Declaring that it has no obligation to afford coverage for the *Guidecraft* Claim under the 2017-18 Policy, whether for Damages, Claims Expenses, or otherwise;

C.     Declaring that it has no obligation to afford coverage for the *Noco* Claim under the 2018-19 Policy, whether for Damages, Claims Expenses, or otherwise;

        D.      Declaring that it has no obligation to afford coverage for the *Noco* Claim under the 2017-18 Policy, whether for Damages, Claims Expenses, or otherwise;

        E.      Awarding Beazley Services such additional declaratory and other relief as shall be found to be just and proper under the circumstances.

Respectfully submitted on February 27, 2020:

/s/ Charles C. Lemley
Charles C. Lemley
Florida Bar No. 00163
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000
clemley@wiley.law

*Counsel for Defendant Beazley USA Services, Inc.*