UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60214-CIV-DIMITROULEAS

OJ COMMERCE LLC,

     Plaintiff,

v.

BEAZLEY USA SERVICES, INC.,

     Defendant.

_____/

## ORDER GRANTING PLAINTIFF OJ COMMERCE, LLC'S MOTION TO DISMISS BEAZLEY USA SERVICES, INC'S COUNTERCLAIM

THIS CAUSE is before the Court upon Plaintiff OJ COMMERCE LLC ("Plaintiff" or "OJ Commerce")'s Motion to Dismiss Defendant BEAZLEY USA SERVICES, INC ("Defendant" or "Beazley")'s Counterclaim, filed on March 19, 2020. [DE 20]. The Court has carefully considered the Motion [DE 20], Beazley's Response in Opposition [DE 26], the Reply [DE 27], and is otherwise fully advised in the premises. For the reasons set forth below, the Court grants the Motion to Dismiss.

### I. Background

On January 14, 2020, Plaintiff OJ Commerce filed suit against Defendant Beazley in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, alleging breach of contract by Plaintiff OJ Commerce the insured against Defendant Beazley the insurer. *See* [DE 1-3]. Defendant removed the case to this Court on January 31, 2020 on diversity of citizenship grounds. *See* [DE 1]. OJ Commerce's Complaint arose from Beazley's alleged

1

breaches of contract for its refusal to provide coverage for suits filed against OJ Commerce pursuant to the Media Liability Coverage provision of the insurance Policy.  *See* [DE 1-3].  The alleged breaches by Beazley were with regard to Beazley's failure to provide coverage for two lawsuits against OJ Commerce alleging trademark and unfair competition claims stemming from Plaintiff's listing and selling certain products online:  *Guidecraft, Inc. v. OJ Commerce LLC et al.* and *Noco Company v. OJ Commerce, LLC et al.*  Plaintiff alleged the following four claims in its original Complaint: Count I – Breach of Policy Agreement (*Guidecraft*); Count II – Breach of 2018 Policy Agreement (*Guidecraft*); Count III – Breach of Policy Agreement (*Noco*); and Count IV – Breach of 2018 Policy Agreement (*Noco*). *See* [DE 1-3].  Defendant Beazley removed the case to federal court on January 31, 2020, on the grounds of diversity of citizenship jurisdiction, *see* 28 U.S.C. § 1332(a).  On February 24, 2020, Plaintiff filed a Notice of Voluntary Dismissal Counts I and II [DE 10], which the Court approved on February 25, 2020. [DE 11].  The operative Complaint, therefore, only alleges claims as to Beazley's breach of contract for failure to provide coverage for the *Noco* lawsuit.

On February 25, 2020, Beazley filed an Answer and Affirmative Defenses [DE 12], which it replaced on February 27, 2020 with an Amended Answer, Affirmative Defenses, and Counterclaim. *See* [DE 13].  Therein, Beazley alleges the following four counterclaims against Counter-Defendant OJ Commerce:  Count I – Declaratory Judgment – Guidecraft Claim under 2018-19 Policy; Count II – Declaratory Judgment – Guidecraft Claim under 2017-18 Policy; Count III – Declaratory Judgment – Noco Claim under 2018-19 Policy; and Count IV -- Declaratory Judgment – Noco Claim under 2017-18 Policy.  *See id.*  OJ Commerce filed the instant Motion on March 19, 2020, requesting that the Court enter an order dismissing Beazley's

Counterclaims.  OJ Commerce seeks dismissal of Counterclaims III and IV pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and dismissal of Counterclaims I and II pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [DE 20].

### II. Standard of Review

Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).  However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)). "A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (*quoting St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  However, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims," *id.* (*citing Brooks v.*

*Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion." *Id.* at 1251. By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered.' " *McElmurray*, 501 F.3d at 1251 (*quoting Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (*quoting Williamson*, 645 F.2d at 413), and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## III.    Discussion

First, OJ Commerce argues that Counterclaim III – Declaratory Judgment – Noco Claim under 2018-19 Policy and Counterclaim IV -- Declaratory Judgment – Noco Claim under 2017-18 Policy of Beazley's Counterclaims (the "Noco Counterclaims"), are repetitive to Counts III and IV of Plaintiff's Complaint, and serve no useful purpose, as the declaratory relief sought is for the very same coverage sought in Plaintiff's complaint, and Defendant already fully expressed its position in its affirmative defenses.

When a defendant brings a counterclaim for declaratory judgment, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by

4

the counterclaim" in order to determine whether the declaratory-judgment counterclaim serves a useful purpose. *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (*quoting Gratke v. Andersen Windows, Inc.*, No. 10-963, 2010 WL 5439763, at *3 (D. Minn. Dec. 8, 2010), *report and recommendation adopted*, 2010 WL 5441940 (D. Minn. Dec. 28, 2010)). If the declaratory-judgment counterclaim "contain[s] repetitious issues already before the court by way of the complaint or affirmative defenses," courts often dismiss the redundant counterclaim. *Id.* (*citing Gratke*, 2010 WL 5439763, at *2).

*Miracle 7, Inc. v. Halo Couture, LLC*, No. 13-61643-CIV, 2014 WL 11696708, at *2 (S.D. Fla. Jan. 17, 2014).  Here, upon the Court's careful review of the Counts III and IV of OJ Commerce's Complaint to the Noco Counterclaims, the Court agrees with OJ Commerce that the Noco Counterclaims serve no useful purpose, as ruling on the original breach of contract claims in Counts III and IV of OJ Commerce's Complaint would necessarily completely resolve this dispute.  The Court also agrees with OJ Commerce that it appears from the record that Beazley added the Noco Counterclaims, despite the fact that they are repetitive declaratory judgement counts, in order to attempt to satisfy the jurisdictional amount of its Counterclaim so as to bring the separate dispute regarding coverage of the Guidecraft case before the Court in this federal action. As a result, Beazley's Noco Counterclaims serve no useful purpose and shall be dismissed.

Second, OJ Commerce contends that Beazley's Counterclaims I and II for declaratory relief on the Guidecraft action (the "Guidecraft Counterclaims") should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  The Court agrees.  As an initial matter, there is no independent jurisdictional basis under § 1332 over the Guidecraft Counterclaims, as the minimum amount in controversy for diversity jurisdiction is not met.  The Guidecraft action was dismissed on January 31, 2020; however, Beazley has not argued nor presented evidence that the

5

Guidecraft litigation resulted in more than $75,000 of damages, nor that there is a likelihood that the amount of damages from the Guidecraft litigation will increase in the future. *See Guidecraft, Inc. v. OJCommerce, LLC*, case no. 19-62344-AHS (S.D. Fla.) at [DE 31] ("Order of Dismissal"). Moreover, supplemental jurisdiction is not available with regard to the Guidecraft Counterclaims. To begin with, the Guidecraft Counterclaim is permissive, not compulsory, under the "logical relationship test," and therefore it does not fall within the Court's ancillary jurisdiction *See Bianchi v. Nationwide Credit, Inc.*, No. 12-60588-CIV, 2012 WL 12886182, at *2 (S.D. Fla. Dec. 14, 2012) (*citing Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985). Next, supplementary jurisdiction under 28 U.S.C. § 1367(a) is not appropriate, as it does arise out of a common nucleus of operative facts, apart from being based on separate alleged breaches of the same contract. *See Bianchi*, 2012 WL 12886182, at *3. As such, the Court lacks subject matter jurisdiction over the Guidecraft Counterclaims and will dismiss accordingly.

### IV.    CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. OJ Commerce's Motion to Dismiss Beazley's Counterclaim [DE 20] is **GRANTED;**

2. Beazley's Counterclaim [DE 13] at pp. 11-23 is **DISMISSED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 23rd day of April, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnishes to:

Counsel of Record