UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Cae No. 0:20-cv-60214-WPD
Civil Division -Dimitrouleas/Snow

OJ COMMERCE LLC,
    *Plaintiff*,
-vs-

BEAZLEY USA SERVICES, INC.
    *Defendant*
_____/

### PLAINTIFF OJ COMMERCE, LLC'S MOTION FOR ATTORNEY'S FEES

Plaintiff OJ COMMERCE LLC ("Plaintiff" or "OJC") filed this motion to assess attorney's fees against Defendant BEAZLEY USA SERVICES, INC. ("Defendant" or "Beazley"), pursuant to Fed. R. Civ. P. 54(d)(2)(D) and Local Rule 7.3(c), and in support thereof states the following.

### BACKGROUND

This case was originally filed in Florida State court by Plaintiff against Beazley, for refusal to provide coverage, on two separate and distinct claims, under a media liability policy that was issued by Beazley to OJC. (Florida case # CACE-20-000712).

On January 31, 2020, Beazley removed the case to this Court based on diversity, [D.E. 1], despite the fact that one of the claims was less than $75,000.

On February 25, 2020, Plaintiff voluntarily dismissed the second claim, [D.E. 10], and said dismissal was approved by this Court. [D.E. 11].

On February 27, 2020 Beazley reinstituted the second claim, by filing a counterclaim against Plaintiff, seeking declaratory relief that it is not obligated to pay for such defense under its media liability policies. [D.E. 13].

On March 19, 2020, after a meet and confer requesting a voluntary dismissal for lack of subject matter jurisdiction, Beazley refused to withdraw its counterclaim, and forced Plaintiff to file a motion to dismiss Beazley's counterclaims. [D.E. 20].

On April 23, 2020, this Court granted Plaintiff's motion to dismiss, finding it lacks subject matter jurisdiction, as the counterclaim is not compulsory, unrelated to Plaintiff's complaint, and has no independent basis for federal subject matter jurisdiction. [D.E. 28].

## LEGAL ARGUMENTS

Pursuant to Fla. Stat. § 627.428(1), Plaintiff is entitled to an award of its reasonable attorney's fees, when an action against it brought by an insurance company, was dismissed.

The Supreme Court established that "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)(citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). The Eleventh Circuit consistently "referred to Fla. Stat. § 627.428 as substantive law for *Erie* purposes." *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311 (11th Cir. 2000)(citing *Windward Traders, Ltd. v. Fred S. James & Co. of New York*, 855 F.2d 814, 817 n. 3 (11th Cir.1988); *Stuyvesant Insurance Co. of New York v. Nardelli*, 286 F.2d 600 (5th Cir.1961); *Orlando Candy Co. v. New Hampshire Fire Insurance Co. of Manchester*, 51 F.2d 392 (S.D.Fla.1931)).

The present case was brought to this Court based on diversity jurisdiction, as such, the

*Erie* doctrine provides that Florida substantive law applies. The Florida statute that provides for attorney's fees, namely, Fla. Stat. § 627.428(1), is substantive law. Thus applying *Erie,* Plaintiff is entitled to attorney's fees.

Fla. Stat. § 627.428(1) provides in pertinent part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1) does not require to prevail on the merits, more specifically, the Eleventh Circuit specifically found this statute applies to a dismissal for lack of subject matter jurisdiction. *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc*., 270 Fed. Appx. 962, 964 (11th Cir. 2008)("We are not persuaded by Prime Insurance's argument that a dismissal for lack of subject matter jurisdiction is insufficient to warrant an award of attorney's fees under Fla. Stat. § 627.428(1)").

Here, Beazley's counterclaim was dismissed for lack of subject matter jurisdiction, thus, applying *Prime,* Fla. Stat. § 627.428(1) entitles OJC, as an insured or named beneficiary under the policy, to an award of attorney's fees.

Pursuant to Local Rule 7.3(a), Petitioner provides the following details:

(1)    This motion is filed timely, within 60 days of rendition of the final judgement in its favor.

(2)    The order of dismissal upon which Plaintiff relies on was issued on April 23, 2020 [D.E. 28]. Plaintiff relies for an award of attorney's fees on Fla. Stat. § 627.428(1).

(3) Petitioner seeks a total of **$13,965** in attorney's fees.

(4) The terms of fee agreements are based on a contingency.

(5) Petitioner seeks fees for the following individuals:

(a) Shlomo Y Hecht is a Florida International University School of Law *cum laude* Graduate, who has been practicing for three years, and is general counsel for Plaintiff. Mr. Hecht expended a total of **39.9 hours** on defending the counterclaims in this case, during which he researched the underlying legal issues, conferred with opposing counsel, discussed with client legal strategies, drafted and filed all of the documents filed in this case. Mr. Hecht's hourly rate is **$350**. A copy of Mr. Hecht's timesheet is hereby attached as Exhibit A.

## CONCLUSION

For the foregoing reasons, the Court should award OJC its attorney's fees.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.13(b), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this draft motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Furthermore, Pursuant to Local Rule 7.3(b), I hereby certify that a draft motion compliant with Local Rule 7.3(a)(1)-(8) was served upon opposing counsel on May 22, 2020, prior to the filing of this motion with the Court, and that on June 10, 2020, the parties had a meet and confer via telephone conference, and that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this draft motion in a good faith effort to resolve the issues but has been unable to resolve the issues of entitlement to fees. However, on the conference call Beazley advised that it only disputes entitlement, but has no objection as to

the amount.

## VERIFICATION

I'm a member and manager of Plaintiff OJ Commerce, LLC, and I was personally involved in overseeing this action against Beazley. I'm authorized to make this statement on behalf of Petitioner. I affirm that the information contained in this document is true and correct to the best of my knowledge.

/s/ _____
Jacob Weiss
President & CEO of OJ Commerce, LLC.

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and served this document upon Respondent's counsel

Respectfully submitted,

>   Shlomo Y. Hecht, P.A.
>   3076 N Commerce Parkway
>   Miramar, FL 33025
>   Phone: 954-861-0025
>
>   By: /s/ Shlomo Y Hecht
>   Florida State Bar No.: 127144
>   Email: sam@hechtlawpa.com
>   *Attorney for Plaintiff OJ Commerce, LLC*