UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------------------x
OJ COMMERCE LLC,                                   :
                                                   :
                Plaintiff,                       :
                                                   :
                                                   :  Case No.: 0:20-cv-60214-WPD
                v.                               :
                                                   :  Civil Division -Dimitrouleas/Snow
BEAZLEY USA SERVICES, INC.                         :
                                                   :
                Defendant.                       :
---------------------------------------------------------------x

**SUR-REPLY IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES**

Beazley Services files this sur-reply to respond to four specific incorrect and misleading statements of fact and law raised for the first time in OJ Commerce's reply brief, ECF No. 36.

***I. Beazley Services Has Not Waived New York Governing Law.***

*Sun Life Assurance Co. of Canada v. Imperial Premium Finance, LLC*, 904 F.3d 1197 (11th Cir. 2018), does not require that a party plead choice of law.[1]  Rather, *Sun Life* stands for the proposition that a party must "timely provide . . . the sources of non-forum law on which it seeks to rely." *Id.* at 1208.  A plaintiff may do so "in its complaint" or "the first motion or response when choice-of-law matters[.]" *Id.*  That is, "[p]arties are not required to plead choice-of-law issues at the outset of a case," so long as the parties "raise them in time to be properly considered." *Jewelry Repair Enters., Inc. v. Son Le Enters., Inc.*, Case No. 15-CV-81622, 2016 WL 8739605, at *4 (S.D. Fla. Apr. 1, 2016) (quoting *Abbasid, Inc. v. Bank of Am., N.A.*, 463 F.

---

[1] *Sun Life* did not address a contracted choice-of-law provision.  Instead, *Sun Life* addressed the general "fact-intensive analysis" of determining the "contract's state of execution"—Florida's choice-of-law test for contracts containing no governing law provision—which is why the court criticized the record's lack of "information regarding contract formation[.]" 904 F.3d at 1207–09.

App'x 317, 318 (5th Cir. 2012)); *see James River Ins. Co. v. Ultratec Special Effects, Inc.*, Civil Action Number 5:16-CV-00949-AKK, 2020 WL 1492886, at *4 n.12 (N.D. Ala. Mar. 27, 2020) (finding no waiver where insurer raised choice of law for first time on at-issue motion, and distinguishing *Sun Life* because, there, "the party seeking application of non-forum law did not adequately raise choice-of-law in the district court before the court dismissed the claims at the pleadings stage or at summary judgment"); 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1253 (3d ed. 2020) ("The federal courts are required to take judicial notice of the laws of every state of the union.  Consequently, it is not necessary to plead state law, whether it be the forum state's law or the law of another state."); *id.* (noting some courts erroneously rely on old rules that treated foreign law as a "fact" to be "pleaded and proved").

OJ Commerce's motion for fees was the "first motion or response when choice-of-law matter[ed]," *Sun Life*, 904 F.3d at 1208, because the Florida statute that OJ Commerce sought fees under is inapplicable per the New York choice-of-law provision in the parties' contracts. The choice of substantive law in the contracts was not at issue in Beazley Services' response to OJ Commerce's earlier motion to dismiss; that response was based on federal procedural law. *See generally* ECF No. 26.  Beazley Services pointed to the New York law provision at the appropriate time.

Furthermore, with its Answer and Counterclaim, Beazley Services attached the insurance contracts, which include the New York choice-of-law provision.  ECF No. 13-1 at 9; ECF No. 13-2 at 5.  Beazley Services also referred to the terms and conditions of the insurance contracts in its Counterclaim.  ECF No. 13 (Counterclaim) ¶¶ 46, 52, 58, 64.  There is no requirement that Beazley Services quote or refer specifically to each and every provision that it may rely on later in the litigation.  The insurance contracts' choice-of-law provisions were thus adequately pled.

*Hutchings v. Am. Home Assurance Co.*, Case No. 11-60072-CIV-DIMITROULEAS, 2012 WL 13005549, at *3 (S.D. Fla. Feb. 27, 2012) (Dimitrouleas, J.) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." (quoting Fed. R. Civ. P. 10(c))); *see Sun Life*, 904 F.3d at 1208 n.7 (distinguishing Eleventh Circuit precedent applying non-forum law because, there, the party "attached to its complaint the relevant insurance applications, which specifically noted" the relevant choice-of-law facts).

### *II. The Policies' Choice-Of-Law Provisions Are Enforceable Under Florida Law.*

OJ Commerce failed to disclose to the Court that its argument that the choice-of-law provisions in the insurance contracts are unenforceable relies entirely on law involving loan agreements that are usurious under Florida law.  There is no authority (and OJ Commerce cites none) that permits the Court to refuse to enforce a choice-of-law provision in an insurance contract in these circumstances.  The rule in Florida is that "[a]n agreement between parties to be bound by the substantive laws of another jurisdiction is presumptively valid" such that they must be enforced "unless applying the chosen forum's law would contravene a strong public policy of this State."  *Se. Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 80 (Fla. 2012) (citation omitted).  "The countervailing public policy must be of sufficient importance and rise above the level of routine policy considerations to warrant invalidation of a party's choice to be bound by the substantive law of another state."  *Id.*  No such policy is identified here, and there is none as reflected in the case law of this District.  *See Good v. Commerce & Indus. Ins. Co.*, No. 08-10087-CIV, 2009 WL 1393423, at *2 & n.1 (S.D. Fla. May 18, 2009) (enforcing insurance contract's choice-of-law provision in connection with plaintiff-insured's request for fees, and holding that parties' chosen New York law "does not contravene a strong public policy of Florida"); *see also id.* at *4 (Magistrate Judge Brown, in adopted order, noting that plaintiff's

reliance on inapplicable, overruled Florida law to suggest that the contracted-to foreign jurisdiction "had no real connection with the transaction" such that Florida law should apply constituted "either an egregious and inexcusable error on the part of plaintiff's counsel . . . or worse, and will be further addressed in a separate order").

### III. Fees Are Not Available To OJ Commerce Under New York Law.

OJ Commerce's motion is for fees pursuant to Florida Statutes Section 627.428.  *See generally* ECF No. 29.  It has not requested fees under New York law.  *See generally id.*  Moreover, even if it had, no fees would be available under settled New York law.

"The law in New York is that each party bears the cost of its own attorney fees." *Jasam Realty Corp. v. Fid. & Guar. Ins. Underwriters, Inc.*, No. CV 13-2333, 2013 WL 3786298, at *3 (E.D.N.Y. July 11, 2013) (citing *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC,* 789 N.Y.S.2d 470, 472–73 (2004)), *aff'd*, 570 F. App'x 12 (2d Cir. 2014).  The New York Court of Appeals in *Mighty Midgets* recognized a narrow "exception to this rule, authorizing an award of fees when an insured is: (1) 'cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations,' and (2) prevails on the merits." *Id.* (collecting cases).  An insured that commences litigation is not in a "defensive posture."  *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 324 (1995) ("It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." (collecting cases)).  And to prevail "on the merits," the insured must establish that the insurer owes it a duty to defend; that is, "[t]he reasoning behind the *Mighty Midgets* exception is that" an insured's attorney's fees are recoverable costs only where they arise out of the "insurer's duty to defend[.]" *Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 67–68 (2d Cir. 2005) ("[T]he New York Court of Appeals made it clear that the recovery of

4

attorneys' fees under *Mighty Midgets* 'is incidental to the insurer's contractual duty to defend[.]'" (citations omitted)); *see Jasam Realty*, 2013 WL 3786298, at *3 (noting *Might Midgets* is "not to be construed to allow the recovery of attorneys fees whenever an insured prevails in a coverage dispute" (citing *Liberty Surplus*, 420 F.3d at 70)).

Here, the Court dismissed Beazley Services' declaratory judgment counterclaims because two of them were mirror-images of OJ Commerce's claims (and thus redundant) and the Court lacked subject matter jurisdiction over the others. ECF No. 28 at 4–6. OJ Commerce, the plaintiff-insured in this action, was accordingly not in a "defensive posture." *See W. 56th St. Assocs. v. Greater New York Mut. Ins. Co.*, 681 N.Y.S.2d 523, 527 (N.Y. App. Div. 1998), as amended (Jan. 19, 1999) (holding insurer's mirror-image counterclaim seeking a declaration in its favor did not "cast [the plaintiffs-insureds] in a defensive posture entitling them to recover their attorneys' fees and costs" because such a counterclaim was "redundant and mere surplusage"). Nor did OJ Commerce prevail "on the merits" that it is owed a duty to defend under the policies; indeed, its *Noco*-related claims are still pending before the Court. *See Liberty Surplus*, 420 F.3d at 68–69 (holding prevailing insured not entitled to fees where excess insurer's duty to defend had not been established); *Jasam Realty*, 2013 WL 3786298, at *3 (same where court discontinued coverage action upon settlement); *compare with, e.g.*, *U.S. Underwriters Ins. Co. v. Image By J & K, LLC*, 335 F. Supp. 3d 321, 347–49 & n.18 (E.D.N.Y. 2018) (granting fees where insurer commenced action, and where insured "prevailed based on the Court's determination that it is owed a defense and indemnification").

### *IV. Beazley Services Is Not An Insurer.*

OJ Commerce misleadingly uses selected quotes of documents in correspondence with counsel to argue that Beazley Services is an insurer. It is not. The letters that OJ Commerce

5

incompletely quotes state that they are written on behalf of the insurer -- Certain Underwriters at Lloyd's London, Syndicates 2623/623.  *See, e.g.*, ECF No. 1-5 at 44 ("Insurer: Certain Underwriters at Lloyd's, London, Syndicates 2623/623 ('Beazley') . . . As you know, we represent Beazley in connection with the above-referenced matter."); ECF No. 13-1 at 3 (2018 Policy) ("Underwriters: Syndicate 2623/623 at Lloyd's"); *id.* at 31 (reflecting that the "Underwriters agree" to provide certain coverage).  Beazley Services is a separate entity, identified in the policies for administrative purposes.  ECF No. 13-1 at 3 ("Administrative Notice: Beazley USA Services, Inc.").  Beazley Services did not issue, subscribe to, or assume any underwriting liability under insurance policies, and OJ Commerce's snippets from letters do not make it so.  *See id.*

   For the foregoing additional reasons, the Court should deny OJ Commerce's motion for fees.

Date: July 31, 2020

/s/ Charles C. Lemley
Charles C. Lemley (Florida Bar No. 00163)
Gary P. Seligman (admitted *pro hac vice*)
Matthew W. Beato (admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000
clemley@wiley.law

Bryce L. Friedman (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
bfriedman@stblaw.com

*Counsel for Defendant Beazley USA Services, Inc.*
