**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.. 20-60214-CIV-DIMITROULEAS/SNOW

OJ COMMERCE LLC,

    Plaintiff

vs.

BEALEY USA SERVICES, INC.

    Defendant

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Plaintiff's Motion for Attorney's Fees (ECF No. 29), which was referred to United States Magistrate Judge Lurana S. Snow for Report and Recommendation. The Motion is fully briefed and a hearing was conducted by video conference on August 27, 2020.

This case, an action brought by the Plaintiff insured against the Defendant insurer, originally was filed in state court. On January 31, 2020, the Defendant removed the case to this Court based on diversity and the Plaintiff did not seek remand. (ECF No. 1) On February 25, 2020, the Plaintiff voluntarily dismissed Counts I and II of the Complaint, and this Court approved the dismissal. (ECF Nos. 10-11) On February 27, 2020, the Defendant filed four counterclaims against the Plaintiff seeking a declaratory judgment that it is not liable to pay the Plaintiff's claims, including the claims alleged in the counts which the Plaintiff had voluntarily dismissed. (ECF No.13)

The Plaintiff moved to dismiss the counterclaims, and on April 23, 2020, this

Court dismissed all four counterclaims on the grounds that Counterclaims I and II dealt with the claims that had been voluntarily dismissed by the Plaintiff and Counterclaims III and IV were unnecessary because they are repetitive to Counts III and IV of the Complaint. (ECF No. 28) The Plaintiff now seeks an award of attorney's fees based on F.S. Section 627.428, which mandates an award of fees following a judgment or decree against an insurer and in favor of an insured.

The Defendant opposes the Motion on several grounds. First, the Defendant contends that by the terms of the policy, New York law applies. The Plaintiff argues that New York law does not apply because the Defendant waived its right to rely on the choice of law provision in the policy by not raising it in its Answer and/or Counterclaims, citing Sun Life Assurance Co. Of Canada v. Imperial Premium Finance, LLC, 904 F.3d 1197, 1208 (11th Cir. 2018). The Plaintiff also contends that New York law cannot apply because New York had no "normal relationship" to the transaction. Inetianbor v. CashCall, Inc., Case No. 13-cv-60066, 2015 WL 11438192, at *3 (S.D. Fla. Sept. 26, 2006). At this stage of the proceedings, there are no facts from which the Court could determine whether such a normal relationship existed.

The Defendant also asserts that this Court lacks jurisdiction to award attorney's fees following a dismissal for lack of subject matter jurisdiction. The Defendant argues that the Court is not bound by the contrary holding of the Eleventh Circuit's unpublished decision in Prime Ins. Syndicate, Inc. v. Soil Tech. Distribs., Inc., 270 F. App'x. 962, 965 (11th Cir. 2008), and that Prime was wrongly decided. The Defendant asks this Court to adopt the reasoning of Southern-Owners Ins. Co. V. Maronda

Homes, Inc. Of Florida, No. 3:18-CV-1305-J-32MCR, 2020 WL 1451684, at *5 (M.D. Fla. Mar. 25, 2020).  In rejecting Prime, the Maronda court relied on decisions of two other Circuits which reached the same conclusion: Dakota, Minn. & E. R.R. v. Scheiffer, 715 F.3d 712, 713 n. 2 (8th Cir. 2013) and Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir. 2007), as well as an earlier Eleventh Circuit decision which Prime did not discuss: Certain British Underwriters at Lloyds of London, England v. Jet Charter Service, 739 F.2d 534 (11th Cir. 1984).  The Maronda case has been appealed to the Eleventh Circuit, and presumably this issue will be resolved when the appeal is decided.

Finally, the Defendant contends that the Plaintiff is not entitled to attorney's fees because it has not obtained a judgment in its favor against an insurer.  The Defendant points out that there has been no resolution on the merits of any of the four claims asserted by the Plaintiff in the complaint (two of which were voluntarily dismissed and two remain pending in the instant case).  Additionally, the Defendant denies that it was an insurer of the Plaintiff, and that this issue must be litigated.

At the hearing the Defendant asked the Court to defer ruling on this Motion, at least until more facts are developed in the record.  The undersigned believes that a deferral is appropriate to develop facts on the relationship between the state of New York and the transaction involved in this case and for a determination of whether the Defendant is an insurer of the Plaintiff.  Additionally, the question of whether this Court has jurisdiction to award fees is significant, and the outcome of the Maronda appeal will result in binding precedent on this issue.

3

## **CONCLUSION**

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Plaintiff's Motion for Attorney's Fees (ECF No. 29) be DENIED without prejudice to renew at the conclusion of this case or at such time as the Court deems appropriate.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 28th day of August, 2020.

_[signature]_
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: All Counsel of Record