UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---

OJ COMMERCE, LLC,

        Plaintiff,

v.

BEAZLEY USA SERVICES, INC.

        Defendant.

---

Case No.: 0:20-cv-60214-WPD

Civil Division -Dimitrouleas/Snow

**ORAL ARGUMENT REQUESTED**

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL**

On September 17, Defendant wrote a letter to Plaintiff crystallizing the discovery disputes and giving Plaintiff an opportunity to resolve them.  At the time, as reflected in the letter, Plaintiff had unilaterally cancelled all depositions.  Defendant warned Plaintiff that it would prepare "necessary motions during the week of September 21."  ECF No. 53-8 at 2.  The next day, Plaintiff refused to participate in further discovery with Defendant.  ECF No. 53-12 at 2.  Plaintiff's complaint about the parties' pre-motion meet and confer is baseless because its position has not changed: Plaintiff is still refusing to participate in discovery.  Further, if Plaintiff wants the Court to resolve the "proper party" issue on the merits, Plaintiff should make an appropriate motion directed to that defense at an appropriate time, not refuse to participate in discovery owed to the party that Plaintiff chose to sue.  Plaintiff should be compelled to meet its discovery obligations, and Defendant should be awarded its fees.

## I.     Plaintiff's Excuse For Failing To Attend Depositions Is Baseless And Too Late

Plaintiff sued Defendant.  Defendant is thus entitled to discovery, and Plaintiff's refusal to do so because Plaintiff now believes it named the incorrect party is meritless.

The name of the underwriters who Defendant believes is potentially liable on the insurance contracts at issue is "Certain Underwriters at Lloyd's, London, Syndicates 2623/623."  That information is reflected in the contracts that Plaintiff attached to its complaint, ECF No. 1-4 at 4 & 23, and in pre-litigation correspondence with Plaintiff that is in the record, ECF No. 1-5 at 44.  Defendant stated that in its filings, ECF No. 33 at 3; ECF No. 40 at 6, and orally on the record before the Court, ECF No. 53-13 at 24.  Plaintiff has this information and had it long before its blanket refusal to participate in discovery.  *See* ECF No. 53-12 at 2.  Further, apart from the words of the contracts at issue, there is a wealth of case law discussing "how to sue" and "how not to sue" underwriters at Lloyd's London.  *See, e.g.*, *Certain Underwriters at Lloyd's, London v. Gibraltar Budget Plan*, 9 So. 3d 646, 647–48 (Fla. Dist. Ct. App. 2009); *Montgomery v. Markel Int'l Ins.*, 259 F. Supp. 3d 857, 871–72 (N.D. Ill. 2017); *id.* at 863–64 (discussing structure of Lloyds of London).

There appears to be a dispute regarding whether Defendant is liable on the insurance contracts.  It also appears Plaintiff did not do its homework.  But, neither circumstance strips Defendant of its discovery rights or excuses Plaintiff's flouting of the Rules.  Plaintiff sued Defendant.  Defendant is thus entitled to discovery.  That alone warrants granting this motion.

1

Plaintiff mischaracterizes the parties' discussions regarding a stipulation to substitute "the insurer." On July 13, in response to Plaintiff's motion for fees, Defendant noted that, on *April 9*, it was willing to substitute the insurer. ECF No. 33 at 11 n.3. Defendant admonished Plaintiff for waiting so long to entertain that invitation—for waiting until after the Court dismissed Defendant's counterclaims, and for waiting until right before Plaintiff filed its motion for fees (fees from an insurer). ECF No. 33 at 11 n.3. There still is no explanation from Plaintiff on how it proposes to "substitute" the proper party, and there has been no "promise" by Defendant that it did not fulfill. Defendant has expressed a willingness to cooperate should Plaintiff wish to fix Plaintiff's error, but Defendant will not agree to put Plaintiff in a "better" position as a result of that error. Plaintiff has made no proposal, made no motion to add or substitute a party, or otherwise explained how or why this case—which has been pending since January—should not simply proceed to dispositive motions promptly. But, as long as Defendant is a party to this action, it is entitled to discovery, and its motion to compel the depositions should be granted.

## II.     Plaintiff Again Admits That Its CTO Represented That It Received The Email

Plaintiff's argument necessitates rather than alleviates the need for depositions. Plaintiff repeats the arguments regarding its CTO's deposition raised in its expedited motion for a protective order, ECF No. 54, to which Defendant has already responded, ECF No. 57. Plaintiff has again admitted that its CTO made representations that it received the Demand Letter in its spam filter, and again back-tracks that technology-related representation as a "hypothetical theory." ECF No. 56 at 3–4. Plaintiff has not identified any other employee who can testify as to the factual basis for these representations or the ESI issues in dispute. No other way has been proposed for Defendant to promptly obtain the information requested. Defendant's motion to compel discovery relating to the CTO should be granted.

## III.    Plaintiff Has For The First Time Confirmed In Writing That Its Production Is Complete, But Still Evades Confirming That It Conduced A Reasonable Search[1]

On August 19, Plaintiff represented that, with respect to certain topics in Defendant's August 3 letter, it had "produced everything presently identified" and that it might produce more. ECF No. 53-9 at 2–3. In its September 17 letter, Defendant requested that Plaintiff confirm that

---

[1] Defendant did not take issue in this motion with Plaintiff's lack of production of a privilege log. Rather, Defendant's request for a privilege log was for Plaintiff's prospective production of documents, which, at this point, is apparently no longer necessary.

it "has not withheld from production any responsive documents." ECF No. 53-8 at 2. Plaintiff then refused to participate in discovery with Defendant, prompting this motion. ECF No. 53-12.

Plaintiff's opposition purports to represent that its production is complete. But this is exactly why a deposition is needed. There are so many basic documents that were not produced, Plaintiff could not possibly have fulfilled its document retention and production obligations. For example, absent from production are (1) service papers, filings, work product, bills, and internal communications on the underlying Noco Action, (2) communications on Plaintiff's decision to seek coverage (internally and with Keyes Coverage), and (3) materials from before the Noco Action began with the entities that Plaintiff purchased Noco's goods from. *See generally* ECF No. 53-7 (discussing deficiencies). The only objection Plaintiff raised was privilege, ECF No. 53-2 ¶¶ 1-2 & 4-5, but it now asserts it never withheld pre-suit privileged materials. Plaintiff should be compelled to submit to a deposition addressing the steps it took to locate responsive materials as requested in Defendant's Rule 30(b)(6) notice Topic 12. *See* ECF No. 53-3 at 6.

### IV.    Plaintiff Concedes That Defendant's Requested Sanctions Are Appropriate Here

Plaintiff admits that it (1) failed to attend its depositions, (2) did so without Defendant's consent (or Court order), and (3) will continue to do so unless Defendant withdraws its defense that it is not the insurer. ECF No. 56 at 3 ("Plaintiff was left with no choice but to cancel the scheduled depositions until the 'proper party' issue [sic] is ready to conduct the depositions."). It is apparent that Plaintiff does not want Defendant to obtain discovery on the Demand Letter because, otherwise, it will lose this case. It is also apparent that Plaintiff is trying to unwind its decision to sue the wrong entity because, otherwise, it will lose this case. Plaintiff has—to say the least—employed evasive tactics to obtain those goals. This is the sort of gamesmanship that fees and sanctions are intended to deter. Plaintiff does not contest (or respond to, or mention) Defendant's request for fees and sanctions. *See generally* ECF No. 56. There is thus no dispute that such an award is appropriate. *W. Sur. Co. v. Steuerwald*, 2017 WL 5248499, at *2–3 (S.D. Fla. Jan. 17, 2017) (Dimitrouleas, J.) (finding waiver for failing to respond). The record reflects that Plaintiff does not stand by its oral representations, never intended to produce witnesses or complete discovery, and has simply been stringing Defendant along in an effort to prejudice its preparation of this case. Defendant's request for fees and sanctions should be granted.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion and award sanctions.

3

Date: September 25, 2020

Respectfully submitted,

/s/Charles C. Lemley
Charles C. Lemley (Florida Bar No. 00163)
Gary P. Seligman (admitted *pro hac vice*)
Matthew W. Beato (admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000
clemley@wiley.law

Bryce L. Friedman (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
bfriedman@stblaw.com

*Counsel for Defendant Beazley USA Services, Inc.*

4