UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60214-CIV-DIMITROULEAS

OJ COMMERCE LLC,

    Plaintiff,

v.

BEAZLEY USA SERVICES, INC.,

    Defendant.
_____/

**ORDER APPROVING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; DENYING WITHOUT PREJUDICE PLAINTIFF OJ COMMERCE, LLC'S MOTION FOR ATTORNEY'S FEES**

THIS CAUSE is before the Court upon Plaintiff OJ COMMERCE LLC ("Plaintiff" or "OJ Commerce")'s Motion for Attorney's Fees [DE 29] and the Magistrate Judge's Report and Recommendation (the "Report") [DE 48]. The Court has conducted a *de novo* review of the Report, Plaintiff's Objections to Report and Recommendation [DE 49], Defendant BEAZLEY USA SERVICES, INC ("Defendant" or "Beazley")'s Response in Opposition [DE 61], Plaintiff's Reply [DE 67], and is otherwise fully advised in the premises.

On January 14, 2020, Plaintiff OJ Commerce, the insured, filed suit against Defendant Beazley, the insurer, alleging breach of contract. *See* [DE 1-3].[1] OJ Commerce's Complaint

---

[1] On January 14, 2020, Plaintiff OJ Commerce filed suit against Defendant Beazley in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, alleging breach of contract by Plaintiff OJ Commerce the insured against Defendant Beazley the insurer. *See* [DE 1-3]. Defendant removed the case to this Court on January 31, 2020 on diversity of citizenship grounds *see* 28 U.S.C. § 1332(a). *See* [DE 1].

1

arose from Beazley's alleged breaches of contract for its refusal to provide coverage for suits filed against OJ Commerce pursuant to the Media Liability Coverage provision of the insurance Policy. *See* [DE 1-3]. The alleged breaches by Beazley were with regard to Beazley's failure to provide coverage for two lawsuits against OJ Commerce alleging trademark and unfair competition claims stemming from Plaintiff's listing and selling certain products online: *Guidecraft, Inc. v. OJ Commerce LLC et al.* and *Noco Company v. OJ Commerce, LLC et al.* Plaintiff alleged the following four claims in its original Complaint: Count I – Breach of Policy Agreement (*Guidecraft*); Count II – Breach of 2018 Policy Agreement (*Guidecraft*); Count III – Breach of Policy Agreement (*Noco*); and Count IV – Breach of 2018 Policy Agreement (*Noco*). *See* [DE 1-3]. On February 24, 2020, Plaintiff filed a Notice of Voluntary Dismissal Counts I and II [DE 10], which the Court approved on February 25, 2020. [DE 11]. The operative Complaint, therefore, only alleged claims as to Beazley's breach of contract for failure to provide coverage for the *Noco* lawsuit.

On February 25, 2020, Beazley filed an Answer and Affirmative Defenses [DE 12], which it replaced on February 27, 2020 with an Amended Answer, Affirmative Defenses, and Counterclaim. *See* [DE 13]. Therein, Beazley alleged the following four counterclaims against Counter-Defendant OJ Commerce: Count I – Declaratory Judgment – Guidecraft Claim under 2018-19 Policy; Count II – Declaratory Judgment – Guidecraft Claim under 2017-18 Policy; Count III – Declaratory Judgment – Noco Claim under 2018-19 Policy; and Count IV -- Declaratory Judgment – Noco Claim under 2017-18 Policy. *See id.* On March 19, 2020, OJ Commerce filed a Motion to Dismiss Beazley's Counterclaim. *See* [DE 20]. OJ Commerce sought dismissal of Counterclaims III and IV pursuant to Fed. R. Civ. P. 12(b)(6) for failure to

2

state a claim, and dismissal of Counterclaims I and II pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [DE 20].

On April 23, 2020, the Court entered an Order Granting Plaintiff OJ Commerce, LLC's Motion to Dismiss Beazley USA Services, Inc.'s Counterclaim. *See* [DE 28].  The Court ruled that Counterclaim III – Declaratory Judgment – Noco Claim under 2018-19 Policy and Counterclaim IV -- Declaratory Judgment – Noco Claim under 2017-18 Policy of Beazley's Counterclaims (the "Noco Counterclaims") were repetitive to the original breach of contract claims in Counts III and IV of OJ Commerce's Complaint and served no useful purpose, as Beazley already fully expressed its position in its affirmative defenses and ruling on OJ Commerce's claims would necessarily completely resolve this dispute.[2]  *See Miracle 7, Inc. v. Halo Couture, LLC*, No. 13-61643-CIV, 2014 WL 11696708, at *2 (S.D. Fla. Jan. 17, 2014). The Court also dismissed Beazley's Counterclaims I and II for declaratory relief on the Guidecraft action (the "Guidecraft Counterclaims") for lack of subject matter jurisdiction under Rule 12(b)(1), ruling that (1) there was no independent jurisdictional basis under § 1332 over the Guidecraft Counterclaims, as the minimum amount in controversy for diversity jurisdiction was not met; and (2) supplemental jurisdiction was not available with regard to the Guidecraft Counterclaims, *see Bianchi v. Nationwide Credit, Inc.*, No. 12-60588-CIV, 2012 WL 12886182, at *2-3 (S.D. Fla. Dec. 14, 2012); 28 U.S.C. § 1367(a). *See* [DE 28].

---

[2] The Court also agreed with OJ Commerce that it appears from the record that Beazley added the Noco Counterclaims, despite the fact that they are repetitive declaratory judgement counts, in order to attempt to satisfy the jurisdictional amount of its Counterclaim so as to bring the separate dispute regarding coverage of the Guidecraft case before the Court in this federal action.

On June 22, 2020, OJ Commerce filed its Motion for Attorney's Fees, which was referred to Magistrate Judge Snow for a report and recommendation. *See* [DE's 29, 30].  Following a full briefing of the Motion, *see* [DE's 29, 33, 36, 40], Judge Snow held a hearing on the Motion on August 27, 2020. *See* [DE 50].  Judge Snow recommended that the Court defer ruling on OJ Commerce's attorney's fees motion, determining that such deferral is appropriate to develop facts on the relationship between the state of New York and the transaction involved in this case and for a determination of whether the Defendant is an insurer of the Plaintiff.  Judge Snow also noted that the question of whether this Court has jurisdiction to award fees is significant, and that resolution of a pending appeal of *Southern-Owners Ins. Co. v. Maronda Homes, Inc. of Florida*, No. 3:18-CV-1305-J-32MCR, 2020 WL 1451684, at *5 (M.D. Fla. Mar. 25, 2020) will result in binding precedent on this issue.

Having carefully considered OJ Commerce's Objections, and having reviewed the arguments and relevant case law, the Court overrules the Objections.  The Court agrees with the analysis and conclusions set forth in Magistrate Judge Snow's Report.  The Court finds that the Objections largely seek to gain an advisory opinion from the Court on issues in this case.  The Court disagrees with OJ Commerce's position that the filing of an attorneys' fees motion seeking legal rulings on dispositive issues in the case promotes judicial economy.  Rather, it is appropriate to defer ruling on the attorney's fees motion at this stage of the litigation, to await the resolution on the merits of the still-pending action and the development of factual and legal issues in the record.[3]

---

[3] Additionally, the Court agrees with Judge Snow's determination that the Eleventh Circuit may resolve the important issue of subject matter jurisdiction prior to the resolution of this action is

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 48] is hereby **APPROVED**;

2. OJ Commerce's Objections [DE 49] are **OVERRULED**;

3. Plaintiff's Motion for Attorneys' Fees [DE 29] is hereby **DENIED** without prejudice to renew at the conclusion of this case.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 13th day of October, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnishes to:
Counsel of Record

---

an additional factor supporting deferring ruling on the instant fee motion. *Compare Prime Ins. Syndicate, Inc. v. Soil Tech. Distribs., Inc.,* 270 F. App'x. 962, 965 (11 Cir. 2008); *Southern-Owners Ins. Co. v. Maronda Homes, Inc. of Florida*, No. 3:18-CV-1305-J-32MCR, 2020 WL 1451684, at *5 (M.D. Fla. Mar. 25, 2020).