UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

```
---------------------------------------------------------------x
OJ COMMERCE LLC,                                                :
                                                                :
                    Plaintiff,                                  :   Case No.: 0:20-cv-60214-WPD
                                                                :
            v.                                                  :   Civil Division -Dimitrouleas/Snow
                                                                :
BEAZLEY USA SERVICES, INC.                                      :
                                                                :
                    Defendant.                                  :
---------------------------------------------------------------x
```

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION FOR RECONSIDERATION**

Defendant Beazley USA Services, Inc. ("Beazley") respectfully submits this reply in support of its motion for reconsideration, ECF No. 133.

This is a breach of contract action. In Count III of the complaint, OJ Commerce asserts that Beazley breached the 2018 Policy. ECF No. 1-3 ¶¶ 7, 23–28. Beazley then moved for summary judgment on Count III. ECF No. 79 at 19–23. There, Beazley argued that, under the terms and conditions of the 2018 Policy, (1) OJ Commerce received Noco's Demand Letter on or around May 29, 2018, (2) that Demand Letter is a Claim as defined by the 2018 Policy, (3) that Claim was related to the *Noco* Complaint such that those two Claims were a single Claim (the "*Noco* Claim") as provided for in the 2018 Policy, (4) the *Noco* Claim was thus first made before the 2018 Policy incepted when OJ Commerce received the Demand Letter, and, therefore, (5) there is no coverage for the *Noco* Claim under the 2018 Policy, which only covers claims first made within its policy period. *Id.* In its summary judgment Order addressing Count III, however, the Court applied the terms and conditions not of the 2018 Policy, but of a different contract (the 2017 Policy, which was the subject of OJ Commerce's Count IV). ECF No. 126 ("Order") at 13–15.

1

Reconsideration should be granted to correct or prevent a "manifest injustice." *Waite v. AII Acquisition Corp.*, 2016 WL 2346768, at *2–4 (S.D. Fla. Mar. 10, 2016). A manifest injustice occurs if the Court "patently misunderstood" a party's arguments or otherwise makes a clear mistake of law and/or fact. *Id.*; *Porto Venezia Condo. Ass'n, Inc. v. WB Ft. Lauderdale, LLC*, 926 F. Supp. 2d 1330, 1334–36 (S.D. Fla. 2013) (Dimitrouleas, J.).[1] Beazley respectfully submits that the Court did just that in its Order. Reconsideration is thus appropriate.

OJ Commerce's sole argument against reconsideration (made in one short paragraph of its opposition) is that, according to OJ Commerce, Beazley is attempting to relitigate an issue that the "Court rejected in its Omnibus Order." That is not true. The Court's Order did not hold that the 2018 contract is governed by the terms of the 2017 contract, and if it did, it should take this opportunity to correct that clear error. Rather, the Court held that Noco's Demand Letter is not a Claim as defined by the **2017 Policy** (Count IV).[2] *See* Order at 13–15. The Court did not address whether the Demand Letter is a Claim as defined by the **2018 Policy** (a demand for non-monetary relief), which is the relevant inquiry under Count III, and is what Beazley argued in its motion for summary judgment. The 2018 Policy has a different, more expansive definition of Claim than the 2017 Policy.

---

[1]   OJ Commerce misrepresents Beazley's motion, arguing that Beazley did not state "any of the relevant grounds for a motion for reconsideration" and "instead just assert[ed] that the Court 'made a mistake.'" That is demonstrably false, and it also implies that a clear "mistake" is not grounds for reconsideration, despite the Rules and case law expressly providing otherwise. *See* ECF No. 133 at 4–5 (discussing legal standard, and collecting cases granting reconsideration to correct the Court's clear mistake to prevent a manifest injustice); Fed. R. Civ. P. 60(b)(1) ("mistake" is grounds for reconsideration).

[2]   OJ Commerce takes issue with Beazley for not requesting that the Court reconsider its holding in this respect. Although Beazley respectfully disagrees with the Court's holding that the Demand Letter is not a demand for money or services, the Court did address that issue, and disagreement alone does not form the basis for this motion for reconsideration.

The bulk of OJ Commerce's six-page opposition is directed at expanding upon its prior summary judgment argument. But this is a motion for reconsideration, not a motion for summary judgment. The Court's analysis should be limited to what the parties argued in their prior briefs. However, to the extent the Court does entertain OJ Commerce's expanded arguments, they should be rejected for the following reasons.

*First*, OJ Commerce mischaracterizes Beazley's consistent position. Beazley is arguing that, to determine whether there was a breach of the 2018 Policy, the Court must apply the terms and conditions of the 2018 Policy (and only the 2018 Policy). The 2018 Policy provides that "Multiple Claims arising from the same or a series of related, repeated or continuing acts, errors, omissions or events will be considered a single Claim for the purposes of this Policy[,]" and that all such Claims are "deemed to have been made at the time of the first such Claim." 56.1 Stmt. ¶ 14. The term "Claim" is a defined term under the 2018 Policy. *Id.* ¶ 13 ("Claim" includes a "written demand received" by OJ Commerce for "non-monetary . . . relief"). Accordingly, to determine whether a document is a related "Claim" as defined by the 2018 Policy (regardless of when that document was received), the Court must apply the 2018 Policy's Claim definition.

*Second*, OJ Commerce argues that Beazley's position is unsupported by legal authority. That is not true. Beazley argued that "[C]ontracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used[.]" ECF No. 79 at 15 (collecting cases in Beazley motion for summary judgment). That a contract is interpreted according to its own terms and conditions is not a novel legal theory—it is basic contract law. Further, in its motion for summary judgment, Beazley cited several cases where the court applied a given insurance contract's claim definition to determine whether a document that was received outside of that contract's policy period was a claim as defined by that same

contract. *See generally* ECF No. 79 at 17–21.  Indeed, *Weaver*—the primary case that Beazley relies on—addressed this exact circumstance. *See Weaver v. Axis Surplus Ins. Co.*, 2014 WL 5500667, at *7–11 (E.D.N.Y. Oct. 30, 2014).  Moreover, the Court of Appeals for the Second Circuit affirmed the trial court's decision in *Weaver* on this precise issue. *See Weaver v. Axis Surplus Ins. Co.*, 639 F. App'x 764, 766–67 (2d Cir. 2016) (holding pre-litigation letter that the insured received before the policy began was a "demand" for "nonmonetary relief" as defined by that policy where the letter requested the insured to "'please confirm whether the company agrees to voluntarily cease' its offers and sales" and stated the claimant may take "more formal legal action" if the insured did not promptly respond, further noting that the District Court's opinion was "thorough and well-reasoned").  Again, this is not a novel legal theory—this is basic contract law.

*Third,* OJ Commerce's reliance on *Cast Steel* is misplaced.  In *Cast Steel*, a claim was made during the first policy's period but was not reported until the second, renewal policy's period.  *Cast Steel Products, Inc. v. Admiral Ins. Co.*, 348 F.3d 1298, 1301–04 (11th Cir. 2003). The insurer argued that there was no coverage because no claim was both first made and reported within the same policy period.  *Id.*  The Court of Appeals rejected that argument because, under the terms of the first policy, the claim was both timely made and timely reported within that policy period.  *Id.* (claim timely reported under first policy because it was reported within that policy's extended reporting period).  *Id.*  As a result, under the terms and conditions of just that policy, the claim was covered.  *Id.*  The principle underlying *Cast Steel* (that the terms and conditions of a policy—and only that policy—govern its application) is thus not only *not* at odds with Beazley's position—it *is* Beazley's position.

Indeed, as this Court previously observed when discussing *Cast Steel* and related cases, "[j]ust because the Insured renewed his first policy, does not mean that the two policies merged into one continuous policy period during which claims could be made and reported." *527 Orton LLC v. Cont'l Cas. Co.*, No. 13-61571-CIV, 2014 WL 11696697, at *3 (S.D. Fla. Sept. 22, 2014) (Dimitrouleas, J.) (citing *Pantropic Power Prod., Inc. v. Fireman's Fund Ins. Co.*, 141 F. Supp. 2d 1366, 1370 (S.D. Fla. 2001)); *see also id.* at *5–6 (limiting the Eleventh Circuit's holding in *Cast Steel* to its specific facts and following *Pantropic*); *Gulf Ins. Co. v. Dolan, Fertig & Curtis*, 433 So. 2d 512, 514–16 (Fla. 1983) (discussing policy underlying claims-made-and-reported insurance contracts, and strictly enforcing those requirements).

*Fourth*, OJ Commerce argues that, if the Court were to apply the 2018 Policy's Claim definition and find no coverage, it would be an inequitable result because the Court also found that there was no coverage under the 2017 Policy. As an initial matter, even under *Cast Steel*, equity does not override the express, unambiguous terms of a contract, including an insurance contract. *See 527 Orton LLC*, 2014 WL 11696697, at *5–6 (Dimitrouleas, J.) (claim that was made during first policy and reported during second, renewal policy was not covered under either policy, noting that, if the Court were to have merged the renewal policy's terms with the first policy's, it would be "tantamount to an extension of coverage to the insured gratis, something for which the insurer has not bargained" (quoting *Gulf Ins.*, 433 So. 2d at 515)).

Moreover, there is nothing inequitable about OJ Commerce's failure to timely disclose its May 2018 receipt[3] of Noco's Demand Letter. Specifically, the 2017 Policy expressly provided

---

[3] OJ Commerce waived contesting that it received the Demand Letter on or around May 29, 2018. *See* ECF No. 99 at 11–12 (collecting cases on waiver). Beazley argued that OJ Commerce presumptively received the Demand Letter in May 2018. *See* ECF No. 79 at 21–23; *see also* ECF No. 99 at 11–12 (same in Beazley's reply brief); ECF No. 102 at 21–22 (same in Beazley's opposition brief). But, in response, OJ Commerce merely asserted—in a single

5

that OJ Commerce could report its receipt of the Demand Letter (even if it were not a Claim as defined by the 2017 Policy) such that any "subsequent Claim made against [OJ Commerce] arising out of such circumstance" would be "deemed to have been made at the time written notice" was given. ECF No. 80-1 at 64 (2017 Policy). Had OJ Commerce simply reported its receipt of the Demand Letter during the 2017 Policy's reporting period (as the insured did in *Cast Steel*), it would have preserved coverage under that policy, even if (as in fact occurred) Noco sued OJ Commerce after that policy expired.

*Finally*, OJ Commerce's renewed attempt to distinguish *Weaver* is unavailing for the same reasons discussed in Beazley's summary judgment briefs. *See, e.g.*, ECF No. 99 at 11. OJ Commerce reargues that, because Noco's alleged violation of rights in the Demand Letter is purportedly meritless, that letter is not seeking "relief" as contemplated by *Weaver*. But the Court in *Weaver*—affirmed by the Second Circuit—addressed a similar argument, and it noted that the merits of a demand are irrelevant to determining whether it is a claim. *Weaver*, 2014 WL 5500667, at *10 n.7. Rather, it is—as Noco did here—the "assertion of liability" that is material. *Id.* ("[A] third person's assertion of liability is a claim, moreover, whether or not there is reason to believe that there actually is liability." (quoting *Am. Ins. Co. v. Fairchild Indus., Inc.*, 56 F.3d 435, 439 (2d Cir. 1995)). Moreover, despite OJ Commerce's assertion that Noco's claims are practically frivolous, the court in the *Noco* Action did find some of Noco's claims to be plausible as a matter of law. ECF No. 101-5 (denying in part OJ Commerce's motion to dismiss).

---

sentence—that it did not receive the Demand Letter, and provided no argument against its presumptive receipt. *See* ECF No. 93 at 11; *see also* ECF No. 84 at 12 (same in OJ Commerce's moving brief); ECF No. 107 at 8 (same in OJ Commerce's reply brief).

For the foregoing reasons, Beazley respectfully requests that the Court grant its motion for reconsideration.

Date:   April 5, 2021

Respectfully submitted,

/s/ *Charles C. Lemley*
Charles C. Lemley (Florida Bar No. 00163)
Gary P. Seligman (admitted *pro hac vice*)
Matthew W. Beato (admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000
clemley@wiley.law


Bryce L. Friedman (admitted *pro hac vice*)
Gabriel S. Godoy-Dalmau (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
bfriedman@stblaw.com


*Counsel for Defendant Beazley USA Services, Inc.*